HERBERT COTTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 23, 1923.

1. One who is not a citizen 'or resident of the State is incompetent as a grand juror.

2. The grand jury system of this state is derived from the common law.

3. One incompetent grand juror vitiates an indictment returned by the grand jury when the facts are seasonably brought to the attention of the trial court.

4. An objection before arraignment by plea in abatement of the accused to the indictment on the ground that one or more 'of the grand jurors were incompetent and disqualified, was in due time and made in a proper way.

5. An issue made by joinder of issue on a plea in abatement to an indictment alleging that one of the grand jurors returning the indictment was incompetent and disqualified because not a citizen or resident of the state, is one of fact which should be tried by a jury.

6. Petit juries at common law consisted of twelve men. By statute in this state criminal cases less than capital may be tried by a jury of six. But a jury to try a capital case must consist of twelve men. Trial upon a joinder of issue upon a plea in abatement to an indictment for a capital offense alleging facts which, if proved, would vitiate the indictment, is not a criminal case less than capital authorized by statute to be tried by a jury of six.

7. The trial 'of an issue made by a joinder of issue on a plea in abatement to an indictment for a capital offense, alleging facts which, if proved, would vitiate the indictment, should be tried by a jury of twelve, and a trial of such issue, over objection of the accused, by a jury of six amounts to a denial to him 'of a jury trial such as he is entitled to under the law.

8. Denial to one indicted for a capital offense of the right of trial by a jury of twelve jurors results in a lack of the due process of law that is demanded by the constitution.

A Writ of Error to the Circuit Court for Escambia County; A. G. Campbell, Judge.

Reversed.

*Forsyth Caro, Philip D. Beall* and *John M. Coe,* for Plaintiff in Error.

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—Upon an indictment charging murder in the first degree plaintiff in error was tried and found guilty as charged. Sentence of death was pronounced against him. Writ of error was taken from this court to review the judgment imposing sentence.

On the day the indictment was returned, and before arraignment, the defendant filed a plea in abatement which, omitting formal commencement and conclusion, is as follows:

"That Carr Sandusky was one of the jurors of the Grand Jury by whom the said indictment was found and returned into court here; that the said Carr Sandusky is not a resident of County of Escambia, State of Florida; that the said Carr Sandusky is not a resident of the State of Florida; that the said Carr Sandusky has not resided in Escambia County, Florida, for six months last past; that the said Carr Sandusky has not resided in the State of Florida, for one year; that the said Carr Sandusky is not a citizen of the State of Florida; that the said Carr Sandusky is a resident of the City of New Orleans, in the the State of Louisiana, that the said Carr Sandusky is now in the City of Pensacola, Escambia County, Florida, on a temporary visit; that the said Carr Sandusky has not resided in the County of Escambia, or the State of Florida during the six months last past. That therefore the said Carr Sandusky, one of the jurors of the Grand Jury by whom the said indictment was found and returned into court here, was not when said grand jury was empanelled or afterward, or when it found said indictment, or when it returned the same into court here, a resident of Escambia County, Florida, for six months, a resident of the said State of Florida, for one year, or a citizen of the State of Florida, and this the defendent, Herbert Cotton, is ready to verify."

Upon a trial of the issue presented by joinder of issue on this plea there was a verdict for the State and judgment accordingly.

If the juror named in the plea in abatement was a non-resident of the county and State and not a citizen of the State, he was ineligible to jury service and incompetent as a grand juror. Sec. 2771, Rev. Gen. Stat. At common law, from which our grand jury system is derived, one unqualified and incompetent juror on the grand jury vitiates an indictment returned by it, provided the objection to the indictment is seasonably brought to the attention of the court.. It may be presented by plea in abatement before arraignment of the accused and issue joined by plea in bar to the indictment. Kitrol v. State, 9 Fla. 9; Crowley v. United States, 194 U. S. 461. ''This necessity for the grand inquest to consist of men free from all objection existed at common law, and was affirmed by the statute 11 Hen. 4, c. 9, which enacts, that any indictment taken by a jury, one of whom is unqualified, shall be altogether void and of no effect whatsoever.'' Chitty's Crim. Law, Vol. 1, p. 309. These authorities settle this point beyond a peradventure. With the wisdom of this law we cannot concern ourselves. More than a half century ago it was held to be the law of this State. If it is to be changed it will have to be done by the law-making department of the government.

The plea in abatement presented an issue of fact upon which the defendant was entitled to a trial by jury. Woodward v. State, 33 Fla. 508, 15 South. Rep. 252. There was a trial on this issue by a jury and there is in the record sufficient proof to sustain the verdict finding against the defendant and in effect that the grand juror alleged to be disqualified was a resident of the county and State, a citizen of the State, and a competent juror under the statute.

The jury to which the issue made by the plea in abatement was submitted consisted of six men only. Counsel

for defendant requested a jury of twelve men and objected to proceeding with the trial on this issue with a jury of less than twelve men. This request and objection were overruled and the ruling is assigned as error. It is contended that the case being a capital case, the jury to try the issue made by the plea in abatement should have consisted of twelve men and that a trial by a jury of six men was error, for which there should be a reversal of the judgment.

The Constitution ordains ''The number of jurors for the trial of causes in any court may be fixed by law but shall not be less than six in any case.'' Sec. 38, Art. V., Const. of Fla. At common law a petit jury consisted of twelve men. Chitty's Crim. Law, vol. 1, p. 303; Thompson v. State, 170 U. S. 343. By statute in this State criminal cases less than capital and civil causes are tried by a jury of six. Sec. 6008, Sec. 2694, Rev. Gen. Stat. But a jury to try a capital case must consist of twelve men. Sec. 6008, Rev. Gen. Stat. In trials for misdemeanors by agreement a jury may be waived, but the statute authorizing such waiver is limited to misdemeanors. Sec. 6075, Rev. Gen. Stat. Many authorities hold that one accused of a capital offense or other felony required to be tried by a jury of twelve has not the power, by consent or by silence, to waive trial by a jury consisting of twelve and to authorize a jury of less than twelve to pass upon the question of his guilt. Thompson v. State, *supra;* State v. Rogers, 162 N. C. 656, 78 S. E. Rep. 293, 46 L. R. A. (N. S.) 38; Queenan v. Oklahoma, 11 Okla. 261, 71 Pac. Rep. 218, 61 L. R. A. 324; Jones v. State, 52 Tex. Cr. 303, 106 S. W. Rep. 345, 124 Am. St. Rep. 1097; Territory v. Ah Wah, 4 Mont. 149, 1 Pac. Rep. 732, 47 Am. Rep. 341. There was, as we have seen, no waiver in this case. The

defendant requested a jury of twelve and objected to proceeding with a jury of six.

The issue presented was whether the defendant had been lawfully indicted for a capital offense, that is to say, whether an indictment upon which he should be put on trial for his life had been returned against him. Accused as he was of a capital crime, he had a right to object to being tried except on presentment or indictment by a grand jury. Sec. 10 Bill of Rights, Const. of Fla.

The trial on the plea in abatement was not a trial of "other criminal cases" as differentiated from "capital cases." Sec. 6008, Rev. Gen. Stat. It was not the trial of a criminal case less than a capital case, nor was it the trial of a civil cause. The Statute authorizing a trial by a jury of six men is therefore not applicable. It follows inescapably that the defendant was entitled to a trial on the issue made by his plea in abatement by a jury of twelve, and that a trial by a jury of six amounted to a denial to him of a jury trial such as he is entitled to under the law.

We have said that there is ample evidence in the record to sustain the finding that the grand juror alleged to be incompetent was a resident and citizen of Escambia County and qualified as a juror. But a trial of the issue made by the plea in abatement by a jury of a less number than the law prescribes deprived the defendant of a right he was entitled to claim, and did claim, under the express provisions of the law of the land. Denial to him of this right by the court results in a lack of the due process of law that is commanded by the Constitution. This requires a reversal of the judgment without reference to the cor-

rectness of the verdict rendered on the trial or of the proceedings in other respects or to the justice of the judgment.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.