ARTHUR SHANNON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed February 3, 1925.

Where it appears by the record that upon an indictment for a capital offense, and without arraignment or plea, a defendant was tried by a jury of eleven men, the judgment of conviction will be reversed.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment reversed.

*W. E. Smith,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

WHITFIELD, P. J.—This writ of error was taken to a judgment of conviction of murder in the second degree. The transcript of the record is certified under Rule 103 of the Circuit Court Rules, 14 Fla. 34, to contain "a true copy of all the proceedings and a correct transcript of the record of the judgment" in the case. The transcript so certified contains an indictment for murder in the first degree and a verdict and judgment of conviction of murder in the second degree. It does not appear by the transcript of the record that the defendant was arraigned or that he pleaded to the indictment. Warrace v. State, 27 Fla. 362, 8 South. Rep. 748.

It does appear that the trial on a capital charge was had by eleven jurors. This was error. Ex Parte Scott, 70 Miss., 247, 11 South. Rep. 657, 35 Am. St. Rep. 649.

Section 6070, Revised General Statutes of 1920, requires the defendant in felony cases to be arraigned; and Section 6008, Revised General Statutes of 1920, provides that "twelve men shall constitute a jury to try all capital cases."

In his brief the Attorney General states that he has been "unable to secure amendment of the record," therefore it must be assumed that the certified transcript is "a true copy of all the proceedings" in the cause.

As there appears to have been no arraignment of or plea by the defendant, and as it also appears that the defendant was tried for a capital offense by a jury of eleven men, the judgment is reversed for proper proceedings.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND BROWNE, J., concur in the opinion.