223 So.2d 738 (1969)
Lamar HEARNS, Appellant, Cross-Appellee,
v.
STATE of Florida, Appellee, Cross-Appellant.
No. 37840.
Supreme Court of Florida.
June 11, 1969.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant-cross-appellee.
Earl Faircloth, Atty. Gen., Harold Mendelow, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Charles D. Edelstein, Asst. State Atty., for appellee-cross-appellant.
ERVIN, Chief Justice.
Appellant Lamar Hearns was convicted of robbery in the Criminal Court of Record of Dade County, Florida, and sentenced to life imprisonment. He appealed to the District Court of Appeal, Third District, and that court transferred the case here because the trial judge held F.S. Section 921.025, F.S.A., unconstitutional.
The Appellant appealed his conviction to the District Court on the ground a fundamental error was committed in that he was found guilty by a six-man jury when he was entitled under the Sixth Amendment to the United States Constitution to be tried by a twelve-man jury.
The State cross-appealed because the trial judge contemporaneously with the entry of a judgment of conviction and sentence on the verdict, held Section 921.025 (Ch. 67-214) unconstitutional.
Section 921.025 provides:

"Judgments on felonies to be in writing, signed by judge and recorded and to contain fingerprints of accused. 
"(1) Every judgment of guilty or not guilty of a felony shall be in writing, signed by the judge and recorded. The judge shall cause to be affixed to every written judgment of guilty of a felony, in open court and in the presence of such judge, the fingerprints of the defendant against whom such judgment is rendered. Such fingerprints shall be affixed beneath the judge's signature to such judgment. Beneath such fingerprints shall be *739 appended a certificate to the following effect:
"`I hereby certify that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, _____________, and that they were placed thereon by said defendant in my presence, in open court, this the _____ day of ________, 19__.'
"Such certificate shall be signed by the judge, whose signature thereto shall be followed by the word `Judge.'
"(2) Any such written judgment of guilty of a felony, or a certified copy thereof, shall be admissible in evidence in the several courts of this state as prima facie evidence that the fingerprints appearing thereon and certified by the judge as aforesaid are the fingerprints of the defendant against whom such judgment of guilty of a felony was rendered."
We accede to the transfer of the case by the District Court and accept jurisdiction of the appeal. See Grove Press, Inc. v. State ex rel. Gerstein (Fla.App.), 152 So.2d 177. Also see F.S. Section 924.07(4), F.S.A.
We disagree with Appellant's contention that he was entitled to be tried before a twelve-man jury. By statute and rule, Florida requires that all capital cases shall be tried by a jury composed of twelve persons, and all noncapital cases shall be tried by a jury composed of six persons. F.S. Section 913.10(1), F.S.A. Rule 1.270, Florida Rules of Criminal Procedure, 33 F.S.A. Appellant's contention has been considered before in our jurisdiction and rejected. See Adams v. State (1908), 56 Fla. 1, 48 So. 219, and Cotton v. State (1923), 85 Fla. 197, 95 So. 668.
We do not consider the requirement of a twelve-man jury by the United States Supreme Court in Thompson v. Utah (1898), 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061, or its pronouncements in the recent case of Duncan v. Louisiana (1968), 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, are holdings precluding Florida from prescribing a different number of jurors for certain noncapital criminal cases than was required at common law. The guarantee of an impartial jury trial, but not a guaranteed number of jurors to participate at the trial is provided by the Sixth Amendment.
We agree with the cross-appeal of the Appellee (State) that Section 921.025 is constitutional.
The trial judge in his opinion and order holding the section unconstitutional, states the statute is a legislative interference with his judicial duties, imposing nonjudicial functions upon him in violation of Article II of the Florida Constitution (1885) F.S.A. requiring separation of governmental powers. He considers taking the fingerprints of a person convicted pursuant to the statute to be purely a police function; and that taking them in open court will be highly disruptive to the discharge of his judicial duties due to the large number of felons convicted therein that would be required by the statute to be fingerprinted in open court.
The purpose of the legislation is to make admissible in evidence the judgments of such convictions bearing the convicted felons' fingerprints as prima facie evidence. This procedure serves the purpose of identification in successive offender cases. It also is an aid in determining identity of alleged probation and parole violators. This system supplies prima facie evidence of identification that otherwise might not be available because of lack, absence or death of witnesses who testified as to the identity of persons convicted at former trials.
Fingerprinting has been found to be a scientific means of identification superior to eyewitness testimony. Fingerprints help convict the guilty and prevent the innocent from even standing trial.
*740 We do not believe this statutory requirement is altogether foreign to the judicial function. The courts have duties extending beyond convictions particularly in the area of probation. Furthermore, it is not beyond the legislative province to confer upon the judiciary certain reasonable duties which are designed to promote law enforcement, including deterrents to recidivism. Judges of criminal courts are to a degree concerned with law enforcement generally, and particularly with whether sentences and probationary conditions imposed by them are duly discharged. The fingerprinting process provided by the statute is designed to facilitate those objectives.
We do not find the duties prescribed by Section 921.025 are exclusively nonjudicial in their scope. See 16 C.J.S. Constitutional Law § 162, and cases cited thereunder.
The affixing of the fingerprints on the written judgment of conviction is a ministerial function which is reasonably incident to the identification of the convicted person in the judgment. It is actually a more positive evidentiary identification of him than is his name.
The actual fingerprinting can be performed by the trial judge's clerk or other attache under his supervision, similarly as many other ministerial court functions are performed by personnel attached to the court. It is hardly any more onerous than other duties performed by a criminal court judge.
The foregoing considered, we disagree with the contention of Appellant and agree with the contention of Appellee, and direct that the judgment of conviction be amended in compliance with F.S. Section 921.025, F.S.A. As so amended, the judgment will stand affirmed.
It is so ordered.
ROBERTS, DREW, THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.