SPECTOR, District Judge.
The appellant, David Edward Barlow, takes this direct appeal, as authorized by Section 4(2), Article V, Constitution of Florida, F.S.A. after being found guilty of first-degree murder by a jury without recommendation of mercy. Accordingly, he was sentenced to death by electrocution as provided by statute. Appellant does not seek reversal of his conviction as such. He asks only that the death sentence be vacated and that the same be reduced to life imprisonment.
The victim of the murder in the case at bar was Fred Earl Babb, Jr., a member of the Apalachicola City Police Department. The officer was killed by appellant as he attempted to place him under arrest after a high speed automobile chase through the streets of Apalachicola. Officer Babb had joined area local law enforcement officers in an effort to apprehend the appellant after the latter had made off with a police vehicle taken from the Franklin County Sheriff’s Office at gunpoint. The chase led to a food store on the western edge of Apalachicola where Barlow and Officer Babb exchanged gunfire as the latter attempted to close in on the fugitive. Barlow shot Babb with a .357 Magnum pistol. Leaving the mortally wounded officer on the ground, he continued his flight in Babb’s vehicle, going west to the City of Port St. Joe after breaking through a roadblock in a hail of bullets.
In Port St. Joe, appellant, being closely pursued by area officers, wrecked his car and sought refuge under a nearby house. Upon noting that he was by then surrounded and his chances of ultimate escape having dwindled, he threw out his pistol and submitted himself to the custody of the waiting officers.
The sole ground upon which the appellant asks this court to reduce his death sentence to life imprisonment is the contention that the elimination of a venireman from the panel of prospective jurors for the *603 reason that said venireman was against capital punishment resulted in the denial of a fair trial. In brief, appellant invokes the ruling of the United States Supreme Court in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
This court, since the recent advent of the Witherspoon case, has had several occasions to examine claims advanced by defendants in first-degree murder cases contending that such defendants had been deprived of vital constitutional rights to a fair and impartial jury trial in the manner denounced by the Witherspoon case, supra. Representative of these are Williams v. State, Fla., 228 So.2d 377, opinion filed April 23, 1969, not yet reported; and Campbell v. State, Fla., 227 So.2d 873, opinion filed June 11, 1969. In Campbell, supra, the court pointed out that Florida’s statute relating to service by jurors in a capital case, Section 932.20, Florida Statutes, F.S.A., was wholly consonant with the rule evolved in Witherspoon and continued further to hold that in any event no reversible error could be predicated upon the exclusion of jurors on voir dire in that case because the State still had remaining unused peremptory challenge. Speaking of the juror there involved, the court stated at page 876 of 227 So.2d:
“Moreover, the state did not exhaust its peremptory challenges so that, even if not excused for cause, Juror Green could have been excluded.”
In the Edward Williams case, supra, a well reasoned treatment of the question was made by the author. No useful purpose would be served by repeating here what is so well stated in Williams other than to observe that a detailed analysis was made of the voir dire examination of jurors to demonstrate that the challenges for cause in that case were approved only after it had been demonstrated that the prospective juror’s beliefs concerning the death penalty would preclude him from voting a verdict of guilty no matter how clear and unquestionable the evidence of guilt was.
In the case at bar, the record reflects that only one juror was excluded for cause. Neither the State nor the defendant had exhausted the peremptory challenges available to them. In these circumstances, it appears clear that the trial jury afforded the appellant here cannot be said to be unfair for in any event the State could have removed the one venireman complained of by the use of a remaining peremptory challenge. The Supreme Court of New Jersey recently considered that state’s procedure in trying a capital case in light of the Witherspoon case in State v. Mathis, 52 N.J. 238, 245 A.2d 20. Addressing itself to the consequence of unex-hausted peremptory challenges, the court stated at page 27:
“The thesis of Witherspoon is that persons who dislike capital punishment but are nonetheless capable of weighing the penalty issue constitute a segment of the community within the concept that a jury shall be drawn from the cross-section of the community. The erroneous exclusion of some jurors does not mean that the balance of the jury list was thereby deprived of representatives of that segment. Nor would it matter if no member of that segment in fact was selected. A defendant’s right is to a fair opportunity to draw from all relevant segments, and unless the erroneous rulings amounted to a denial of that opportunity the constitutional right was not infringed. To hold otherwise would burden the judicial process with no demonstrable justification. And we think it correct to add that if the prosecution did not use all its peremptory challenges, that fact may be a relevant makeweight, for it is not unreasonable to assume that the remaining challenges would have been used, had the trial court ruled against the State on its objection to a specific juror. Here the State used only 7 of its 12 peremptory challenges.”
Accordingly, we hold that the jury before which appellant was tried and found *604 guilty was not constituted m the manner proscribed by the Witherspoon case.
Although no other issue was raised on this appeal other than the challenge to the jury discussed above, we are nonetheless obliged by the provision of Section 924.32(2), Florida Statutes, F.S.A. to examine the entire record to determine that appellant’s conviction is founded upon sufficient evidence and that he was justly tried and convicted. We have done so and are satisifed that the conviction and sentence herein are in accordance with the law and fully justified by the evidence which clearly proves beyond any doubt that the appellant criminally took the life of a police officer as charged.
Affirmed.
ERVIN, C. J., and ROBERTS, DREW and THORNAL, TJ., concur.