PIERCE, Judge.
On April 21, 1970, Raymond C. O’Malley filed here his petition for writ of habeas corpus directed to the Director of the Division of Adult Corrections (hereafter Wainwright or Custodian) seeking his release from custody at the State Prison. We issued rule to show cause. On May 11, 1970 Wainwright filed his response, stating that he was holding petitioner by virtue of a commitment issued by the Hillsborough County Criminal Court of Record to serve a sentence of five years imposed upon petitioner’s conviction for forgery.
It appears that on November 16, 1964 petitioner pleaded guilty to a two count information charging forgery of a bank check and the uttering of the same; that on the same date he was adjudged guilty and released on probation; that thereafter, on January 31, 1966, probation was revoked and he was sentenced to serve five years on the count charging forgery; that on September 19, 1967, he was granted a parole by the Florida Parole Commission; that on February 5, 1969, he was convicted for theft in a Monterey, California, Court and there sentenced to a prison term; that on May 19, 1969, the Florida Parole Commission revoked O’Malley’s parole and ordered his return to the State Prison, where he has since remained in custody, serving out his original five year sentence.
Since his last return to prison O’Malley has been a prolific litigant. In early July, 1969, little more than a month after being returned from California, he filed in the trial Court a five page, single spaced, motion under CrPR 1.850, 33 F.S.A., to vacate the judgment of conviction, which motion was denied on July 22, 1969, by the trial Judge.
On September 21, 1969 he filed petition in this 2nd District Court for writ of ha- *815 beas corpus, which petition was returned to him by this Court for lack of jurisdiction.
On November 23, 1969, he again filed motion in the trial Court to vacate the judgment under CrPR 1.850, which petition was, on December 22, 1969, denied by the trial Judge.
On October 3, 1969, he filed petition for writ of habeas corpus in the Supreme Court of Florida and upon issuance of the writ the Supreme Court on February 26, 1970, discharged the writ and remanded him to custody, holding that he “is not entitled to his liberty”. Interspersed amongst the foregoing legal forays were several motions to “advance the cause” and “for setting of bail”, each of which was either denied or filed too late.
In March of 1970 he filed petition for writ of habeas corpus in the U. S. District Court in Tampa, upon which that Court issued an order to show cause on March 12, 1970. Custodian Wainwright filed his response to the show cause order and petitioner filed a reply to the response. Wainwright moved to dismiss the petition “for want of exhaustion of collateral remedies available to petitioner under the laws of the State of Florida”, Petitioner thereupon replied that he was “never advised of his right to appeal nor of any time limit imposed upon such an appeal”. The Federal Court, after making the aforesaid recitals, in an order entered April 10, 1970, stated that—
“It is evident that the appellate courts of Florida have never examined the merits of petitioner’s case, either on direct appeal or through appeal of any motions to vacate. Obviously the time for taking such appeals has expired. However, the State of Florida has established a means of taking out-of-time appeals. Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967). This procedure is to seek habeas corpus relief in the. Florida District Court of Appeal, which is empowered to grant ultimate relief, to wit, in this case, the Second District Court of Appeal. Alternatively, petitioner could again seek collateral relief in the trial court under Rule 1.850 Fla.R.Crim.Proc., and if he is denied relief there, make a timely appeal of this denial.”
It was thereupon ordered that said petition “be held in abeyance for a reasonable time, allowing petitioner an opportunity to exhaust state remedies.”
The instant petition for writ of habeas corpus was filed in this Court on April 21, 1970. It runs the gamut in complaints— many are without relevance to his present imprisonment; some have been knowingly waived; others are refuted by official Court records; many are patently without arguable merit; and several have been heretofore determined by the Florida courts adversely to petitioner upon comparable facts. In deference to the Federal Court, however, we will endeavor to briefly dispose of them all seriatim (or at least those which may be intelligibly deciphered), corresponding herein to the “numbered grounds” of the petition. Two grounds, which we will discuss last, present interrelated questions which will require factual determinations.
1. 11. Petitioner contends that he has not been given credit for time spent in jail awaiting various hearings, Court trials, and sentencing, amounting in all to 402 days, according to his computation. This 2nd District Court, in Miles v. State, Fla.App.1968, 214 So.2d 101, held that “defendant’s term of imprisonment begins upon sentencing and time spent by defendant in jail prior to sentencing is not a part of that sentence unless credit is expressly given by the trial judge”. No such credit was given in the instant case. All computation of time after service of sentence has begun is within the purview of the executive branch of government, namely, the Division of Corrections. F.S. § 921.-161, F.S.A.
*816 4. 5. 6. 12. Petitioner claims that his original arrest was illegal, that his car was searched “and shaken down”, all “without any type of Warrant being Had”. Even if true, this would have no bearing upon the legality of the judgment or sentence or the validity of his trial, upon his plea of guilty.
7. 8. Petitioner alleges that he was “detained an undue length of time before being properly charged” and was “interrogated without being advised of his Rights, Right to Counsel, Right to remain silent, etc. Questioned without counsel”. But Miranda has no application or pertinence in this case. No confession or even admission against interest was used against petitioner. In fact, there was no trial. He pleaded guilty.
9. Petitioner avers that the “Bills of Information were improperly notarized” in that they were “not made out” by the State Attorney but rather by one of his assistants. The information was signed and sworn to on August 28, 1964, by C. Lawrence Stagg, Assistant State Attorney for Hillsborough County, and on the same date filed in the office of the local Clerk of the Criminal Court of Record. This was permissible at that time under Art. 5, § 9C, Constitution of Florida, F.S.A.
10. Petitioner complains that his “legal mail” was not delivered from out of the County Jail, that it was “constantly tampered with, not mailed, and destroyed” and not returned to him even though it was never mailed. Obviously this has nothing to do with the legality of his conviction or sentence. This would be the sole responsibility of his official custodian, acting under laws applicable thereto.
14. Petitioner alleges that he was not properly represented in that the Public Defender did not “spend enough time” with him, and was “not interested in fighting” his contentions of “illegal arrest, search & seizure, undue length of detention before being charged, not allowed a phone call, etc.” No sufficient showing of factual incompetence was set forth. Taylor v. State, Fla.App.1965, 171 So.2d 402; Smith v. State, Fla.App.1965, 175 So.2d 243; Brown v. State, Fla.App.1966, 191 So.2d 612; Simpson v. State, Fla.App.1964, 164 So.2d 224. And the plea of guilty and his acquiescence therein for over two years after being given probation, renders nugatory any contention of incompetence.
16. Petitioner contends that a six man jury at the trial of his case was unlawful and “against the guarantees of the United States Constitution”. Art. 5, § 22, Constitution of Florida provides that— “The number of jurors for trial of causes in any court may be fixed by law but shall not be less than six in any case.” F.S. § 913.10, F.S.A. provides that — “Twelve men shall constitute a jury to try all capital cases, and six men shall constitute a jury to try all other criminal cases. CfPR 1.270 is identical with the foregoing § 913.10, except that the Rule uses the word “persons” instead of “men”. The foregoing provisions have been upheld by the Florida Supreme Court. Shannon v. State, 1925, 89 Fla. 64, 102 So. 829; Cotton v. State, 1923, 85 Fla. 197, 95 So. 668. And only recently the United States Supreme Court upheld as being permissible under the Federal Constitution, a State Court jury of six persons in a criminal case where so permitted by State law. Williams v. State of Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 decided June 22, 1970, not yet published. But in any event, petitioner could not complain because he pleaded guilty to the information against him rather than go to a jury trial.
3. 13. 15. We are now down to the remaining grounds of the petition which we hereinbefore indicated presented matters requiring special treatment.
Petitioner alleged that he “was coerced into entering a guilty plea in the Forgery & Uttering charge”. Similar allegations in much greater detail, indicating such acts *817 and conduct as would probably amount to “state action” if true, were contained in O’Malley’s first motion for post-conviction relief filed in early July, 1969. Also it is alleged in the instant petition that he “was not advised of any of his Rights of Appeal on the Orders Denying his Motions to Vacate Judgement or of any time limit imposed on such appeal”. The July, 1969 Motion to Vacate Sentence was summarily denied without evidentiary hearing.
Allegations in a motion to vacate judgment under CrPR 1.850 that a guilty plea was coerced is sufficient to entitle a petitioner to a hearing. Thomas v. State, Fla.App.1968, 210 So.2d 488; Paul v. State, Fla.App.1964, 165 So.2d 779; Lee v. State, Fla.App.1965, 175 So.2d 95; Williams v. State, Fla.App.1966, 186 So.2d 279; Reddick v. State, Fla.App.1966, 190 So.2d 340. Obviously, the time for appealing the order denying motion to vacate to this Court has long since expired, but, as the Federal Court noted, O’Malley “was never advised of his right to appeal, nor of any time limit imposed upon such an appeal”. The Supreme Court of Florida in Baggett v. Wainwright, Fla.1969, 229 Sqo.2d 239, held that in certain instances habeas corpus may be utilized to obtain the equivalent of a direct appeal. While Baggett was dealing with a “habeas corpus review” of a judgment and sentence, we think the language in the opinion is broad enough to include an order denying a post-conviction motion for relief.
Putting the two grounds together, namely, that he was coerced into entering his original guilty plea, and that he was not properly informed of his rights to appeal, we think O’Malley is entitled to have a review by this Court of the evidentiary facts as to the alleged coercion affecting his guilty plea.
But the difficulty here is that the motion to vacate was summarily denied without any facts being adduced. So it would be patently an empty gesture to send the case back to the trial court with directions for an appeal to be taken or allowed from the order denying the motion to vacate. We have done this in several cases involving review of a judgment and sentence. However, we think the same result can be accomplished in another, and perhaps less cumbersome, method of procedure. That is to simply appoint a Commissioner to take and receive evidence on the two issues involved, which are (1) alleged coercion in pleading guilty, and (2) alleged failure to advise O’Malley of his rights in obtaining review of the order denying the July, 1969, motion to vacate.
Accordingly, Hon. John G. Hodges of the Hillsborough County Circuit Court is hereby appointed Commissioner for this Court with authority to take such testimony and receive such evidence as may be adduced before him on behalf of petitioner and also the State of Florida with all reasonable dispatch, and to forthwith report the same back to this Court together with his findings and recommendations thereon. Said Commissioner is also authorized to appoint counsel to represent O’Malley such further proceedings herein. All costs properly incurred incident to further proceedings herein shall be borne by the County of Hillsborough, State of Florida. This cause will be held in abeyance here pending filing of such report and recommendations.
A certified copy of this opinion and order shall be transmitted to the United States District Court for the Middle District of Florida for consideration in Case No. 69-279 Civ.T. pending in that Court.
HOBSON, C. J., and LILES, J., concur.