PER CURIAM.
This cause is properly before us on Suggestion for Writ of Prohibition under Rule 4.5(d), Florida Appellate Rules, 32 F.S.A. Petitioner lost at the state court level and *438 then fled to the federal side of the judiciary to seek relief from the U.S. District Trial Judge. Now he is back in the state court system asking that the state trial judge be prohibited from doing what the federal district judge ordered. This “ping-pong” procedure must stop. The state trial judge will not be prohibited in these circumstances. He has conscientiously tried to do what he honestly deems proper and best within the confines of the federal mandate under which he has been placed.
The petition here is precipitated by a case styled “David L. Barlow, Petitioner, vs. L. L. Wainwright [323 F.Supp. 829] (Director, Florida Division of Corrections), Respondent” in the U.S. District Court for the Northern District of Florida, Tallahassee Division, Civil Action No. 1683 (1971). After a series of varied orders (emanating apparently from a Rule to Show Cause), U.S. District Judge David L. Middlebrooks entered a final order on April 20, 1971, vacating and setting aside a sentence of death for first degree murder of a policeman by the petitioner imposed on March 2, 1968, pursuant to a jury verdict of guilt without recommendation of mercy, in the Circuit Court of Franklin County, Florida. Upon appeal, the sentence was affirmed by this court on April 13, 1970, Barlow v. State, at 238 So.2d 602.
The conviction was left intact by the federal court order, in accordance with Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1969), and the state trial court was ordered (1) to reduce the sentence to life imprisonment or (2) to order a retrial on both guilt and punishment or (3) to provide a retrial on penalty alone. The federal trial judge in his order provided: “Whatever determination is made in that respect by the state court rests within its judicial prerogative."
The state trial judge in the exercise of his prerogative chose the last alternative, namely, to proceed with the trial on penalty alone and this is what petitioner seeks to prohibit. Petitioner states, among other things, that his only prayer was to have the sentence reduced to life imprisonment, as was the sole basis for his appeal to this Florida Supreme Court. The very same ground for the relief sought was asserted before us and denied, as was asserted and has now been granted by the federal trial judge. The contention was that there had been an elimination of one venireman from the panel of prospective jurors for cause, based on his answer that he was opposed to capital punishment, and that this resulted in the denial of a fair trial under With-erspoon v. Illinois, supra.
Since the state had not exhausted all of its peremptory challenges at the time that the one prospective juror was excused for cause, based on his opposition to capital punishment, this Court held under its understanding of Witherspoon that this did not constitute a denial of a fair trial. It was pointed out that of course this venireman could have been removed by the state by the simple use of one of its five remaining peremptory challenges.
The federal trial judge does not agree with this decision of the Florida Supreme Court, saying that “ * * * only the mere exclusion of a single juror was needed to accomplish that which is forbidden by Witherspoon, * * * ” He recognizes in his order, however, that the basis asserted in Witherspoon for declaring a jury to be improper, is where there has been a “systematic exclusion of veniremen opposed to capital punishment” so that “Having eliminated a substantial element of society the jury could not be said to express the conscience of the community when it swept from the jury all who expressed conscientious or religious scruples against capital punishment.”
We cannot now know whether our federal brother was correct, and we were wrong, since the state chose not to appeal this “review” of our holding and the time for appeal from his last order of April 20, 1971, has expired.
*439 During the time that the several orders were entered by the federal trial judge, the U.S. Supreme Court on February 23, 1971, in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (Justice Black delivering the opinion of the Court) referred at length to the “long-standing public policy against federal court interference with state court proceedings” and in this context referred to the “vital consideration” of “a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.” These words are indeed worthy of note.
Petitioner has had a single purpose throughout all of his appellate efforts: to have his sentence of death arbitrarily reduced to life imprisonment by some court without a retrial. He states that he “has been given an invalid sentence, and all can be made right by simply correcting the sentence to life imprisonment.” For him it would indeed be “made right” but the victim, his loved ones left behind and society and the state have “rights” also to see that the matter is “made right” under the law, if impartial justice is to prevail.
Clearly the retrial, obtained at petitioner’s instance, is not double jeopardy as argued by petitioner.
We are at a loss to see how a summary entry of a life sentence by a judge can be accomplished under our mandatory sentence statutes in capital cases.[1] Any further remedy would seem to lie with the Pardon Board for commutation.
The present collateral attack upon the holding in this cause by the highest court of the State of Florida, now interdicted by this federal trial judge’s direction to the Florida trial judge without appeal being taken from it, creates an awkward confrontation in which this court wishes to show proper restraint and yet to uphold the right and dignity of the State of Florida and of its courts.
We are committed, until legislative change, to a one-stage trial at the time the issue of guilt is before the jury.[2] Due process does not require a bifurcated trial.[3]
The present trial on penalty alone, after a Witherspoon reversal, is not a true bifurcated trial. We do not consider our holding herein to be a literal departure from Craig and Campbell, supra (cited in footnote 2). The separate trial on penalty alone under Witherspoon is being allowed to stand here under the forced circumstances in which the state court finds itself, as being in the best interests of justice and of decorum.
Within our judicial discretion in such matters, therefore, we deny the Petition for Writ of Prohibition. The cause shall proceed to trial in accordance with the order of the able state trial judge, respondent herein.-
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
ERVIN, J., concurs in the judgment.

. Fla.Stat. §§ 782.04 ; 919.23, F.S.A.

. Craig v. State, 179 So.2d 202 (Fla.1965) ; Campbell v. State, 227 So.2d 873 (Fla.1969) ; Lee v. State, 166 So.2d 2d 131 (Fla.1964); and Henninger v. State, Case No. 38, 926 filed June 16,1971.

.McGautha v. California, 1971, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711.