PEARSON, Judge.
The appellant entered a plea of guilty to a charge of second degree murder and was adjudged guilty and sentenced to life im *42 prisonment on November 3, 1964. On January 28, 1970, the appellant filed a motion to vacate judgment and sentence pursuant CrPR 1.850, 33 F.S.A. The grounds alleged in the motion are (1) that he was denied the assistance of counsel and, (2) that his plea of guilty was not voluntarily entered, but was a result of coercion by the police. The trial court appointed counsel to represent the movant and directed that an evidentiary hearing be held. The court appointed counsel took depositions of suggested witnesses and filed a summary of the statements of these witnesses. On the day of the evidentiary hearing, the State presented a motion to strike the CrPR 1.-850 petition upon the ground that the record conclusively refuted the allegations of the petition. The trial judge granted the motion and struck the motion for relief pursuant to CrPR 1.850. This appeal is from that order.
After having appointed an attorney who had exercized energy and diligence in order to determine the factual background under which the plea of guilty was made and the, attorney having filed a summary of the statements of the witnesses, the trial court should have considered the depositions, as reflected by the summary, as an amendment to the petition. Thus viewed, the State’s motion to strike should not have been granted, although it might have been sustained if directed to the petition as originally filed. The record, as supplemented by the depositions, does not refute the allegations of irregularity in acceptance of the appellant’s guilty plea when viewed in the light of the sworn testimony of the witnesses contained in the depositions. The court should have proceeded with the evidentiary hearing in order to make a factual determination of the allegations of the motion.
We therefore reverse the order striking appellant’s petition for relief pursuant to CrPR 1.850, and remand the cause with directions to conduct an evidentiary hearing upon the motion. Cf. Flores v. Wainwright, Fla.App.1970, 240 So.2d 816; O’Malley v. Wainwright, Fla.App.1970, 237 So.2d 813.
Reversed and remanded.