253 So.2d 866 (1971)
Larry PORTEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 39413.
Supreme Court of Florida.
October 27, 1971.
*867 Tobias Simon, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Thomas B. Calhoun and William W. Herring, Asst. Attys. Gen., for appellee.
PER CURIAM.
Defendant Portee was indicted for the crime of rape, tried by jury, found guilty without recommendation of mercy, was duly adjudged guilty and sentenced to death. Defendant now appeals and we affirm.
Defendant initially argues that the Dade County Grand Jury which indicted him was an unlawfully constituted body, contending that the 1968 revision of our Florida Constitution eliminated authorization for a grand jury as previously contained in Section 10, Declaration of Rights, Florida Constitution of 1885, F.S.A., as amended. This argument cannot pass muster because (1) our Florida grand jury system is derived from the common law, except as otherwise modified, and (2) the 1968 constitutional revision did not invalidate the grand jury system. See Fla. Stat. § 2.01, F.S.A.; Cotton v. State, 85 Fla. 197, 95 So. 668 (1923); Re Report of Grand Jury, 152 Fla. 154, 11 So.2d 316 (1943); Jones v. State, 18 Fla. 889 (1882). In fact, Article I, Section 15, Florida Constitution, 1968, recites "(a) no person shall be tried for capital crime without presentment or indictment by a grand jury. * * *"
Defendant next contends that the court's exclusion from the jury for cause of certain prospective jurors who voiced repugnancy to the death penalty, now compels us to set aside imposition of the death sentence. We cannot agree. A careful review *868 of the transcript and record establishes with the requisite amount of definiteness that each of the jurors excused because of his opinion on capital punishment either could not reach an impartial decision on the defendant's guilt or would never vote to impose the death penalty. In Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), the Court not only stated:
"Specifically, we hold that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction.",
but the Court also emphasized the significance of the effect of a reservation on capital punishment, by stating:
"The issue before us is a narrow one. It does not involve the right of the prosecution to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt. Nor does it involve the State's assertion of a right to exclude from the jury in a capital case those who say that they could never vote to impose the death penalty or that they would refuse even to consider its imposition in the case before them."
Later, in Campbell v. State, 227 So.2d 873 (Fla. 1969), this Court, in construing Witherspoon, essentially stated that the court correctly exercised its discretion in excusing a juror from the jury panel where it appeared that he could not impartially consider the question of guilt or innocence of the accused because of his religious scruples against the death penalty.
Again, in Williams v. State, 228 So.2d 377 (Fla. 1969) we held that the State may challenge for cause any juror who has such a reservation about capital punishment as would prevent him from rendering an impartial verdict on the issue of defendant's guilt. See also, Perkins v. State, 228 So.2d 382 (Fla. 1969) and Paramore v. State, 229 So.2d 855 (Fla. 1969).
We conclude that the exclusion of the jurors in the case sub judice meets the described tests, and accordingly error is lacking.
Our conclusion on this single issue is not unmindful of certain provocative questions raised concerning the application of Witherspoon. Assume five (5) categories of jurors in a capital case; viz:
1. Those who have no reservations about capital punishment;
2. Those who have general reservations about capital punishment (but not otherwise inquired into upon voir dire);
3. Those who have reservations about capital punishment but which would not affect the verdict in any manner;
4. Those who have reservations about capital punishment which would not affect a finding of guilt if accompanied with a recommendation of mercy; and
5. Those who have reservations about capital punishment which either (a) would always preclude a finding of guilt, or (b) would preclude a finding of guilt unless accompanied with a recommendation of mercy.
Obviously, jurors fitting into categories 1 and 3 are not subject to dismissal for cause. Equally obvious is the conclusion that Witherspoon applies to a dismissal of jurors for cause who fit into category 2. As to categories 4 and 5, however, doubt remains. In clear, undiluted language, Witherspoon states that those categories were not in issue; nevertheless, the full implication of the opinion compels us to conclude that jurors in categories 4 and 5 are subject to challenge for cause. Moreover, *869 recent federal decisions, by not treating this subject with the specificity required, have raised serious questions concerning the scope and extent of Witherspoon's application. Absent a definitive opinion from the U.S. Supreme Court, therefore, our Court remains of the same opinion as previously. For the recent federal decisions which have thrown the matter into doubt see: Hudson v. Louisiana, 403 U.S. 949, 91 S.Ct. 2273, 29 L.Ed.2d 855 (1971); Adams v. Washington, 403 U.S. 947, 91 S.Ct. 2273, 29 L.Ed.2d 855 (1971); Wilson v. Florida, 225 So.2d 321 (Fla. 1969), cert. granted 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed.2d 858 (1971); Barlow v. Taylor, 249 So.2d 437 (Fla. 1971); and Barlow v. Wainwright, 323 F. Supp. 829 (N.D.Fla. 1971).
Defendant's further arguments that reversible error occurred through the State's late response to discovery and its failure to refer to a finger print report lack merit since the record establishes that these points either were not objected to, were not prejudicial, or were cured by the trial judge. Belger v. State, 171 So.2d 574 (Fla.App.1st, 1965).
Defendant's remaining contentions surround: alleged improper use of circumstantial evidence; determination of qualifications of a fingerprint expert for the State; alleged improper comments on defendant's failure to testify; refusal to give requested instructions; sufficiency of the evidence; and whether Fla. Stat. § 794.01, F.S.A., (statute permitting a recommendation of mercy) is in violation of defendant's constitutional rights (state and federal). Our considered and careful review of the entire record and transcript of trial proceedings, particularly in light of the death sentence imposed herein, compels us to conclude that the proceedings below are devoid of reversible error. Davis v. State, 44 Fla. 32, 32 So. 822 (1902); Tully v. State, 69 Fla. 662, 68 So. 934 (1915); 13 Fla.Jur. Evidence, §§ 310 and 311; State v. Jones, 204 So.2d 515 (Fla. 1967); Woodside v. State, 206 So.2d 426 (Fla.App.3rd, 1968); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R. 2d 733 (1963); 32 Fla.Jur., Trial, § 151; Parrish v. State, 97 So.2d 356 (Fla.App.1st, 1957); Spataro v. State, 179 So.2d 873 (Fla.App.2d, 1965); Crum v. State, 172 So.2d 24 (Fla.App.3rd, 1965); Williams v. State, 134 Fla. 171, 184 So. 15 (1938); McKee v. State, 159 Fla. 794, 33 So.2d 50 (1947); Craig v. State, 179 So.2d 202 (Fla. 1965), cert. den. 383 U.S. 959, 86 S.Ct. 1224, 16 L.Ed.2d 301; Campbell v. State, supra; CrPR 1.780, 33 F.S.A.
Accordingly, the judgment and sentence appealed herein is
Affirmed.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.