PER CURIAM.
Defendant-appellant was charged by information with (1) unlawful possession of a narcotic drug, (2) one count of possession of implements, (3) three counts of breaking and entering, and (4) three counts of grand larceny. Initially defendant pleaded not guilty to all the charges, but subsequently withdrew these pleas and pled guilty to all counts. The trial judge accepted the guilty pleas and thereupon sentenced the defendant to a total of 15 years in the state penitentiary. Thereafter, on June 21, 1973 petitioner-appellant filed a motion to vacate judgment and sentence pursuant to RCrP 3.850. As grounds therefor defendant contended that his guilty pleas -vere not freely and voluntarily given and further he had defects which prohibited him from understanding the proceedings. On September 27, 1973 the trial judge, finding that the petitioner was advised fully as to the consequence of his guilty plea, denied the motion to vacate. Thereupon, defendant filed a petition for writ of habeas corpus with this court which on February 27, 1974 ordered that the petition be treated as a notice of appeal from the judgment and sentence complained of.
After a careful examination of the record on appeal, we conclude that the colloquy in the trial court between the trial judge and the defendant indicates beyond any question of doubt that the defendant-appellant entered the plea knowingly and understandingly. Cf. Garcia v. State, Fla. App.1969, 228 So.2d 300. Further, defendant’s plea of guilty and his acquies-cense therein for over one year after being adjudicated guilty and sentenced renders *795 nugatory any contention of misrepresentation or incompetence on the part of defendant’s court appointed counsel resulting in an involuntary or misunderstood guilty plea. See O’Malley v. Wainwright, Fla.App.1970, 237 So.2d 813 at 816.
For the reasons cited hereinabove, the judgment and sentence herein appealed are affirmed.
Affirmed.