PER CURIAM.
Relator, Richard E. Gerstein, State Attorney of the Eleventh Judicial Circuit, has petitioned this Court for a writ of mandamus to compel the Honorable Alan R. Schwartz, Circuit Judge of the Eleventh Judicial Circuit, to perform his legal duty under Section 921.241(1),[1] Florida Statutes. An alternative writ was issued, Judge Schwartz responded, the briefs of the parties were filed and the cause is ready for final disposition.
Section 921.241(1), Florida Statutes, requires judges to have the fingerprints of defendants, convicted in their courts of felonies, attached to the written judgment of guilt. The fingerprints must be attached in open court in the presence of the judge. And the judge is to certify that the fingerprints are the felon’s. Judge Schwartz refuses to carry out this duty because he believes the statute is a legislative ihfringement on the judicial branch of government, contrary to our constitutional scheme of separation of powers. The same argument was advanced under the 1885 Constitution against a substantially identical predecessor to the statute in Hearns v. State, 223 So.2d 738 (Fla.1969). The argument was rejected because it is within legislative bounds for the Legislature to confer on the judiciary reasonable duties designed to promote law enforcement, including deterrence to recidivism. Hearns at 739, 740. Nothing has intervened since then which makes the reasoning in Hearns any less forceful when applied to this statute, which has law enforcement,[2] too, as part of its purpose.
Judge Schwartz is directed to comply with Section 921.241, Florida Statutes.
It is so ordered.
, OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.

. 921.241 Felony judgments; fingerprints require in record. — (1) Every judgment of guilty or not guilty of a felony shall be in writing, signed by the judge, and recorded by the clerk of the court. The judge shall cause to be affixed to every written judgment of guilty of a felony, in open court and in the presence of such judge, the fingerprints of the defendant against whom such judgment is rendered. Such fingerprints shall be affixed beneath the judge’s signature to such judgment. Beneath such fingerprints shall be appended a certificate to the following effect:
“I hereby certify that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, _, and that they were placed thereon by said defendant in my presence, in open court, this the_ day of_, 19_”
Such certificate shall be signed by the judge, whose signature thereto shall be followed by the word “Judge.”

. 921.241 Felony judgments; fingerprints required in record. — f2) Any such written judgment of guilty of a felony, or a certified copy thereof, shall be admissible in evidence in the several courts of this state as prima facie evidence that the fingerprints appearing thereon and certified by the judge as aforesaid are the fingerprints of the defendant against whom such judgment of guilty of a felony was rendered.
And see § 775.084, Fla.Stat., providing extended terms for habitual felony offenders.