452 So.2d 643 (1984)
Carl Joseph JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1054.
District Court of Appeal of Florida, Fourth District.
June 27, 1984.
Rehearing Denied August 1, 1984.
*644 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Carl Joseph Jones appeals convictions of first degree felony murder, kidnapping and attempted robbery. We reverse and remand for a new trial.
This case arose out of a shooting which occurred on January 9, 1983, at approximately 8:00 p.m. The victim was found in his car with gunshot wounds to his hip and his heart, and died shortly thereafter.
The evidence at trial established that on the day of the shooting appellant and three codefendants robbed "a gay guy who wanted to buy some pot." After a brief altercation in which the victim was driven to a schoolyard, frisked, threatened with a gun belonging to appellant, and beaten, the victim was shot twice by appellant. The next day when one of the accomplices took police to Darryl Donald's house, where the murder weapon was alleged to be located, Donald stated that appellant had already picked up the gun. Approximately one week later, Donald gave the police a taped statement that appellant told him he had been involved "in a little shooting." At trial, however, Donald denied telling police that appellant admitted being in a shooting. The tape was admitted into evidence over a defense objection that it was "improper."
The state and defense counsel agreed prior to trial that no alternate juror would be chosen, and that in the case of a juror becoming incapacitated the trial would continue with eleven. When one juror did ask to be excused, the following interchange took place between the trial judge, defense counsel (Mr. Smith), and counsel for the state (Mr. Gordon):
THE COURT: Do you stipulate to excuse this lady from the jury?
MR. SMITH: I have to. I don't want her sitting there in pain.
MR. GORDON: Stipulated.
THE COURT: I'll excuse you. Go down to the fifth floor. You must be excused from the jury panel.
Thank you, ma'am.
(Whereupon, the jury was returned to the jury box.)
THE COURT: Okay. Both sides have stipulated to go with 11 jurors, rather than declaring a mistrial and having to start this thing all over again. Apparently, the lady hurt her finger yesterday. I asked her why she didn't tell me yesterday. She said that it didn't hurt that much.
Let the record reflect the jury is back in the jury box, the Defendant is present with counsel and the State is represented.
Jones complains, on appeal, that he was entitled to be tried by a jury of twelve. We agree.
Preliminarily, appellant's claim that his waiver of a twelve-person jury was invalid alleges a fundamental error, Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983), and is therefore permissibly raised for the first time on appeal. Castor v. State, 365 So.2d 701 (Fla. 1978). Although the third district in Groomes v. State, 401 So.2d 1139 (Fla. 3d DCA 1981), declined for lack of preservation to consider the validity of a stipulation that the state waive the death penalty and the defendant be tried by a six-person rather than a twelve-person jury, Groomes involved a valid written waiver signed by counsel for both parties, *645 as well as by the defendant and the defendant's mother.
Appellee relies on United States v. Spiegel, 604 F.2d 961 (5th Cir.1979), cert. denied, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980), to refute appellant's contention that effective waiver necessitates a finding that the defendant in some way endorsed the action of his counsel in waiving the presence of a twelfth juror. Indeed, Spiegel held that "a waiver made by counsel of the right to a twelve-person jury after intelligent and deliberate discussion in open court satisfies rule 23(b) [Federal Rules of Criminal Procedure] and passes constitutional muster." Id. at 965 (citing Horne v. United States, 264 F.2d 40 (5th Cir.), cert. denied, 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959)). However, two aspects of Spiegel bear significantly on its application to the present case. First, Spiegel involved a written stipulation waiving the requirement of twelve jurors, whereas here there was no writing. Second, Spiegel involved construction of Federal Rule of Criminal Procedure 23, subsections (a) and (b), which state that although under (a) "trial by jury" must be waived by the "defendant," under (b) "the parties" may stipulate, in writing, to a lesser number of jurors. Spiegel held that trial counsel came within the meaning of "parties."
It is clear that in Florida the waiver of trial by jury must be written and it must be signed by the defendant. Fla.R.Crim.P. 3.260 and Sessums v. State, 404 So.2d 1074 (Fla. 3d DCA 1981). Florida Rule of Criminal Procedure 3.260 states simply that "[a] defendant may in writing waive a jury trial with the consent of the State," and Florida Rule of Criminal Procedure 3.270 states: "Twelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases." The waiver of the prescribed number of jurors is addressed solely in case law dealing with plea agreements in which a defendant agrees to a jury of six in exchange for a lesser sentence. See, e.g., Groomes, 401 So.2d at 1140, and Nova, 439 So.2d at 260. However, because a defendant's right to twelve jurors in the trial of a capital case is fundamental, as Nova holds, standards applicable in such cases would be identical to those in a case, such as here, where a trial is held before an eleven-person jury. Discussing this fundamental right the Nova court stated:
Nova's claim that his waiver of a twelve-person jury was invalid alleges a fundamental error. A defendant in a capital case in Florida is entitled to a twelve-person jury as a matter of state constitutional law. Article I, Section 22 of the Florida Constitution secures the right of trial by jury and provides that "the number of jurors, not fewer than six, shall be fixed by law." The number of jurors fixed by law to try all capital cases is twelve. Fla.R.Crim.P. 3.270.
In Cotton v. State, 85 Fla. 197, 95 So. 668 (1923), the defendant was tried and convicted of first-degree murder. Before trial the defendant timely filed a plea in abatement, challenging the indictment as having been returned by a grand jury which contained a person incompetent to serve. His request that this challenge be determined by a jury of twelve was denied, and his challenge to the make-up of the grand jury was submitted to a six-person jury. The Florida Supreme Court reversed Cotton's conviction, holding that a trial on the defendant's plea in abatement required a jury of twelve.
"The trial on the plea in abatement was not a trial of `other criminal cases' as differentiated from `capital cases.' Sec. 6008, Rev.Gen.Stat. It was not the trial of a criminal case less than a capital case, nor was it the trial of a civil cause. The statute authorizing a trial by a jury of six men is therefore not applicable. It follows inescapably that the defendant was entitled to a trial on the issue made by his plea in abatement by a jury of twelve, and that a trial by a jury of six amounted to a denial to him of a jury trial such as he is entitled to under the law.
... .

*646 "[A] trial of the issue made by the plea in abatement by a jury of a less number than the law prescribes deprived the defendant of a right he was entitled to claim, and did claim, under the express provisions of the law of the land. Denial to him of this right by the court results in a lack of due process of law that is commanded by the Constitution." Cotton v. State, 85 Fla. at 202, 95 So. at 670.
Thus, Cotton holds that so long as a twelve-person jury is fixed by law to try a person accused of a capital crime, the right to a jury of that number is constitutional and an invasion of that right a denial of due process.
439 So.2d at 261-62 (footnote omitted).
We therefore hold that the absence of a written stipulation renders appellant's waiver void.
Appellant's second point on appeal concerns itself with the question of the propriety of a ruling which permitted the state to impeach its own witness, who had not been shown to be an adverse witness. This was clearly error. See § 90.608(2), Fla. Stat. (1983). See also Pitts v. State, 333 So.2d 109 (Fla. 1st DCA 1976). However, it was not preserved by an objection made with specificity as to the grounds which would have precluded impeachment.
Finally, appellant correctly argues that he could not be convicted both for felony murder and for the underlying felony upon which the felony murder is based. The rule applicable here had its metamorphosis in Florida law in the following cases: State v. Pinder, 375 So.2d 836 (Fla. 1979); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); State v. Monroe, 406 So.2d 1115 (Fla. 1981); Faison v. State, 426 So.2d 963 (Fla. 1983); and Bell v. State, 437 So.2d 1057 (Fla. 1983). See also the analysis by Chief Judge Orfinger in Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), with which we agree.
Because appellant's waiver of the right to be tried by a jury of twelve was not in writing, we reverse and remand for a new trial.
REVERSED and REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.