DANIEL S. PEARSON, Judge.
We remanded this case to the trial court to conduct an evidentiary hearing on Nova’s Rule 3.850 claim that his waiver of a twelve-person jury in this capital case was induced by the State’s unfulfilled representation that if convicted, Nova’s maximum sentence would be twenty years in prison. See Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983). At the conclusion of the evidentiary hearing, the trial court found that Nova’s waiver was involuntary, vacated the judgment and sentence, and ordered a new trial. The State appeals, and we reverse.
The defendant’s unretracted sworn admission that it was not until 1982 that he first learned of a “previously unknown fact, to wit, a pre-trial stipulation was made giving the State of Florida the right to proceed to trial in the cause with a six-man jury in exchange to [sic] their stipulating that even if found guilty, defendant could receive no more than twenty (20) years” (emphasis supplied), definitively puts the lie to the defendant’s claim that at his trial six years earlier, he waived his right to a twelve-person jury in reliance on the State’s promise of a twenty-year maximum. Since a person cannot be said to have relied on a fact which was unknown to him, the trial court’s conclusion that the defendant’s waiver was involuntary is without any credible evidentiary support. We therefore reverse the order under review and remand with directions to reinstate the judgment and sentence.
Reversed and remanded with directions.