GRIMES, Acting Chief Judge.
Appellant seeks review of an order which denied his motion for postconviction relief after an evidentiary hearing.
Appellant was charged with first-degree murder. The jury returned a verdict of second-degree murder. Appellant’s conviction was affirmed by this court. Blackwelder v. State, 421 So.2d 73 (Fla. 2d DCA 1982).
Appellant later filed a motion under Florida Rule of Criminal Procedure 3.850, asserting that he was improperly denied his right to be tried by a twelve-member jury. The court ordered an evidentiary hearing at which it was developed that at the beginning of the trial, appellant’s counsel and the prosecution agreed in open court that twelve jurors would be chosen with no alternates. There was a further agreement that if no more than one or two of the jurors had to be excused during the trial, the case would be tried to its conclusion before the remaining jurors. In the course of the trial it became necessary to excuse one juror, and the verdict was ultimately rendered by eleven jurors.
Appellant’s counsel testified that it was a tactical decision on his part not to pick alternates. He said he discussed this matter with appellant and that appellant agreed to this tactic. An investigator for appellant’s attorney confirmed this conversation. Appellant admitted that he had verbally agreed to not having alternates chosen and was aware that this could result in having his case decided by less than twelve jurors. However, it is undisputed that appellant did not sign a written waiver of a twelve-person jury.
An accused’s constitutional right to a jury trial may be waived. State v. Garcia, 229 So.2d 236 (Fla.1969). However, the record must demonstrate the defendant’s knowing, voluntary, and intelligent waiver. Johnson v. State, 411 So.2d 1023 (Fla. 2d DCA 1982). The defendant’s failure to object when his counsel announces the waiver of a jury trial is insufficient. See Cirio v. State, 440 So.2d 650 (Fla. 2d DCA 1983); Hurd v. State, 440 So.2d 691 (Fla. 1st DCA 1983). Florida Rule of Criminal Procedure 3.260 directs that such waivers be made in writing.
All of the foregoing cases involved waivers of a jury trial. However, in Jones v. State, 452 So.2d 643 (Fla. 4th DCA 1984), petition for review denied, 461 So.2d 116 (Fla.1985), the court imposed the same requirements upon a stipulation to proceed with eleven jurors. In that case, counsel for the state and for the defense had agreed prior to trial that no alternate jurors would be chosen and that if a juror later became unable to serve, the trial *97 would continue with eleven. During the trial, one of the jurors asked to be relieved because of illness, and both counsel stipulated that she be excused. On appeal, the court reversed on the premise that the absence of a written stipulation to proceed with eleven jurors rendered the defendant’s waiver void.
Even if we were to accept the rationale of Jones, we would find it distinguishable from the instant case. In the first place, Jones was decided on a direct appeal; whereas, here, the point was not raised on appeal but first appeared in a motion for postconviction relief. As we stated in Triola v. State, 464 So.2d 1312, 1313 (Fla. 2d DCA 1985):
Even though the basis of appellant’s collateral attack is alleged to be one of constitutional magnitude, we find that he has waived that argument by his failure to assert it on his plenary appeal.
Moreover, unlike the circumstances in Jones, our record demonstrates that appellant affirmatively agreed with his counsel’s trial tactic not to select alternates and to proceed with less than a twelve-person jury should one of the jurors be excused. See United States v. Ricks, 475 F.2d 1326 (D.C.Cir.1973), in which the defendant’s oral stipulation to proceed with eleven jurors was deemed valid despite a federal rule which required waivers of trial by a jury of less than twelve to be in writing.
In determining that there must be a written waiver, even in cases where the parties agree to proceed with only one less than the required number of jurors, Jones relied substantially upon the decision in Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983). However, the issue in Nova was simply whether the defendant had received the full benefits of his plea bargain under which he agreed to be tried for first-degree murder by a jury composed of six persons rather than twelve. If there were any doubt that Nova does not hold that the stipulation has to be in writing, this was dispelled in a subsequent appeal of that case in which the court held that since the defendant had not made his bargain in reliance upon the benefit which he now claims that he did not receive, his oral waiver of the requisite number of jurors was valid. State v. Nova, 462 So.2d 511 (Fla. 3d DCA), petition for review denied, 472 So.2d 1181 (Fla.1985).
It would be a travesty of justice to permit appellant to now repudiate his lawyer’s trial tactic with which he fully concurred and thereby to set aside his five-year-old conviction for reasons totally unrelated to whether he received a fair trial.
Affirmed.
DANAHY and SCHOONOVER, JJ„ concur.