192 So.2d 786 (1966)
Patrick Peter DEVLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-313.
District Court of Appeal of Florida. Third District.
December 13, 1966.
Patrick Peter Devlin, in pro. per.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and BARKDULL, JJ.
PER CURIAM.
In the trial court, the appellant was petitioner in a proceeding pursuant to Criminal Procedure Rule I, F.S.A. ch. 924 Appendix. This appeal is from a summary denial of his petition.
The appellant was informed against for the crime of second degree murder. He pleaded not guilty and was represented by private counsel at the trial. Upon the verdict of the jury, he was adjudged guilty and sentenced. An appeal was taken to this Court and the judgment and sentence were affirmed. See Devlin v. State, Fla.App. 1965, 175 So.2d 82. A petition pursuant to Criminal Procedure Rule I was filed in the trial court and denied. Subsequently, the *787 appellant filed a second petition in which he alleged the following: (1) newly discovered evidence sufficient to grant a new trial; (2) improper and incomplete charge to the jury; (3) incomplete record-on-appeal; (4) inadequate appellate counsel; and (5) use of an incriminating confession which was obtained in an illegal and unlawful manner. It is from the denial of this petition that the present appeal is taken.
It is immediately apparent that appellant's allegations of an improper and incomplete charge to the jury and an incomplete record on appeal are matters which can be considered only on appeal; therefore, the allegations are not proper grounds for a petition pursuant to Criminal Procedure Rule I. See Austin v. State, Fla. App. 1964, 160 So.2d 730.
Appellant's allegation of inadequate appellate counsel is a conclusion, and it is not supported by factual allegations sufficient to show that he was deprived of a constitutional right. As such, it was properly denied in the trial court. See Simpson v. State, Fla.App. 1964, 164 So.2d 224. See also Bashlor v. Wainwright, Fla. 1966, 189 So.2d 800.
The substance of appellant's petition charging that his confession was obtained in an illegal and unlawful manner was a claim that the confession was obtained in violation of the principles expressed in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Inasmuch as appellant was tried on June 1, 1964, a claim that the principles set forth in Escobedo were violated, because he was not advised of the right to counsel, is not applicable. See Bell v. State, Fla.App. 1965, 175 So.2d 80. The Escobedo holding is not available to persons whose trials began prior to June 23, 1964. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
The main thrust of appellant's second Rule I petition is that there is newly discovered evidence sufficient to grant a new trial. The basis of this claim is two affidavits by fellow convicts which state that Alan Staples, a participant in the affray and also an inmate of the Florida State Prison, stated to the fellow convicts that he, Staples, fired the fatal shot. These affidavits which are upon hearsay evidence are not sufficient to require a new trial. See Chesser v. State, 92 Fla. 754, 109 So. 906 (1926); Grant v. State, Fla. App. 1964, 166 So.2d 503.
Affirmed.