215 So.2d 790 (1968)
Reuel LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 68-279.
District Court of Appeal of Florida. Second District.
November 27, 1968.
Joseph G. Spicola, Jr., Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
*791 PIERCE, Acting Chief Judge.
This is an appeal by appellant Reuel Lawson from an order denying relief under former Criminal Procedure Rule 1, now CrPR 1.850, 33 F.S.A.
On September 28, 1961, Reuel Lawson was charged, along with a co-defendant, by information filed in the Hillsborough County Criminal Court of Record with the offense of robbery. On February 14, 1962, after trial by jury, he was found guilty, and on the same date was adjudged guilty and sentenced by the Court to a term in the State prison.
Thereafter on July 11, 1967, and on October 9, 1967, and on May 9, 1968, defendant Lawson filed successive motions to vacate the sentence under the aforesaid Criminal Procedure Rule, which motions were respectively denied by the trial Court on July 26, 1967, and on October 17, 1967, and on May 29, 1967. From the last denial order the defendant has appealed to this Court. We affirm.
The contentions made in the last motion to vacate, upon which this appeal is predicated, may be grouped into six catagories, each of which we will briefly label and then dispose of.
1. No hearing before a committing magistrate. Defendant shows no prejudice to him flowing from an absence of preliminary hearing or because he was not taken before a magistrate upon his arrest. Therefore post-conviction relief under the Rule is not available. Wallace v. State, Fla.App. 1966, 184 So.2d 443; Murray v. State, Fla.App. 1965, 172 So.2d 487; Smith v. State, Fla.App. 1965, 175 So.2d 243; Carey v. State, Fla.App. 1965, 176 So.2d 603; Blunt v. State, Fla.App. 1967, 203 So.2d 49.
2. Refusal of counsel at line-up. The U.S. Supreme Court, in Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, held that an accused was entitled to the presence of counsel at a pre-trial identification line-up. But the same Court, in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, held that the Wade decision aforesaid affects "only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date", meaning the date of the Gilbert and Wade opinions, which were both on June 12, 1967. Defendant Lawson's trial was held on February 14, 1962, he was convicted by jury verdict, and adjudged guilty and sentenced by the Court on the same date. Any supposed identification in a line-up must necessarily have antedated such proceedings. Therefore, under Stovall, the contention now made with respect thereto comes too late.
3. Illegal arrest. Even if true, this is immaterial in a collateral proceeding under the Criminal Procedure Rule. Childs v. State, Fla.App. 1966, 190 So.2d 605; Dozier v. State, Fla.App. 1966, 192 So.2d 506.
4. Refusal of counsel during police interrogation. The U.S. Supreme Court, in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, held that presence of counsel at the time of incustody questioning was a constitutional right. But in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the same Court refused to extend the rule retroactively so as to be applicable to cases tried prior to the decision in Miranda, which was on June 13, 1966. The conviction here occurred long before this and therefore the rule announced therein is not applicable.
5. Prosecution upon direct information instead of grand jury indictment. The offense of robbery, with which defendant was charged, is a non-capital crime. Therefore, under the organic law of the State, the trial of robbery may be pursuant to the filing of a criminal information by *792 the appropriate prosecuting official or by indictment returned by a grand jury. § 10, Declaration of Rights and Article V, § 9, Constitution of Florida, F.S.A. See also Henderson v. State, Fla.App. 1965, 174 So.2d 73; Sawyer v. State, 1927, 94 Fla. 60, 113 So. 736; Davis v. State, Fla.App. 1964, 166 So.2d 189.
6. Failure to give a certain charge to the jury. Matters involving the giving, or failure to give, instructions to the jury are matters which may be urged only upon direct appeal from the conviction and are not available as grounds for post-conviction relief. Devlin v. State, Fla.App. 1966, 192 So.2d 786; Baxley v. State, Fla.App. 1966, 192 So.2d 510.
This appeal was filed by Lawson individually from the State Prison. His court-appointed counsel on the appeal candidly admits the lack of merit herein, for the reason that "the grounds alleged by defendant would be proper under a direct appeal but do not come within the purview of Criminal Procedure Rule 1.850".
The Attorney General agrees. We make it unanimous, except to observe that most of the grounds would not be reviewable even upon direct appeal.
Affirmed.
HOBSON and MANN, JJ., concur.