PIERCE, Judge.
Appellant Earl Fred Moses appeals to this Court from an order entered by the Polk County Criminal Court of Record denying his post-conviction motion to vacate a judgment and sentence previously imposed against him in said Court pursuant to trial and jury verdict of conviction.
On March 22, 1967, information was filed in the Polk County Criminal Court of Record charging Moses with assault with intent to commit first degree murder upon the person of one Shannon E. Turner, by the use of a deadly weapon, to-wit, a knife. Upon a plea of not guilty Moses was tried by a jury and found guilty of assault with intent to commit manslaughter. He was adjudged guilty by the Court and sentenced to serve a term of imprisonment at the State Prison.
On December 17, 1969, Moses filed his post-conviction motion under CrPR 1.850, 33 F.S.A., to vacate and set aside said judgment and sentence. Two previous post-conviction motions had been filed and each denied. In the December 17th motion, the principal thrust is that the trial Court erred in not charging the jury on the offense of aggravated assault, the asserted contention being that aggravated assault is a necessarily included offense to assault with intent to commit first degree murder upon which he was tried. This ground was not alleged in the previous post-conviction motions.
F.S. Section 784.06 F.S.A. defines assault with intent to murder as being:
“Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, * * *.”
Aggravated assault is defined in F.S. Section 784.04 F.S.A. as:
“Whoever assaults another with a deadly weapon, without intent to kill, * * *
It is obvious that aggravated assault is a necessarily included offense to assault with intent to murder, provided a deadly weap *147 on was involved in the assault. In the case sub judice both the information and the evidence at the trial clearly discloses use of a deadly weapon, namely, a knife. And ordinarily, if taken advantage of in due season, the failure or refusal of the trial Court to charge the jury as to the offense of aggravated assault would have presented a serious question. See McCullers v. State, Fla.App.1968, 206 So.2d 30.
But such failure of the trial Court to charge the jury upon the lesser offense of aggravated assault is not open to challenge after trial proceedings are at an end. A petition to vacate a judgment and sentence may not be used as a substitute for an appeal. Suarez v. State, Fla.App. 1969, 220 So.2d 442; Lawson v. State, Fla.App. 1968, 215 So.2d 790. Allegations of incomplete charges to the jury involve matters which may be considered only on appeal and are not proper grounds for post-conviction relief under CrPR 1.850. Devlin v. State, Fla.App.1966, 192 So.2d 786; to the same effect see Baxley v. State, Fla.App.1966, 192 So.2d 510, and Williams v. State, Fla.App.1966, 184 So.2d 525.
No objection was raised by Moses to the failure of the trial Court to charge upon the offense of aggravated assault until three years after he was convicted by the jury and adjudged guilty and sentenced by the Court, and then in a collateral proceeding to vacate the judgment and sentence. Such contention, even if meritorious at one time, comes then too late.
It therefore follows that the order appealed from must be and is hereby
Affirmed.
LILES, Acting C. J., and MANN, J., concur.