PER CURIAM.
Appellant was convicted and sentenced to life imprisonment following a jury verdict finding him guilty of rape in 1964. Pursuant to motion, an appeal under the authority of Baggett v. Wainwright, Fla.1969, 229 So.2d 239 has been permitted from the final judgment and is the subject matter of these proceedings. The appellant contends that the trial court committed error in permitting into evidence the introduction of certain incriminating statements allegedly made, in violation of his United States constitutional rights in that said statements failed to meet the test laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We affirm.
At the time of the trial, the trial judge made a full examination as to the volun-tariness of the appellant’s extra-judicial confession, which is fully supported in the record and was consistent with the authority applicable at the time of trial. See: Nickels v. State, 90 Fla. 659, 106 So. 479; Dawson v. State, Fla.1962, 139 So.2d 408; Montgomery v. State, Fla.1965, 176 So.2d 331; Moffett v. State, Fla.App.1965, 179 *30 So.2d 408; Johnson v. New Jersey, 384 U. S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Further, it has been clearly held that Miranda v. Arizona, supra, is not to be applied retroactively. Lawson v. State, Fla.App.1968, 215 So.2d 790; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
Therefore, for the reasons above stated, the verdict, final judgment and sentence here under review be and the same is hereby affirmd.
Affirmed.