MOORE, Judge.
This is another case which involves comment upon a defendant’s exercise of his Fifth Amendment privilege to remain silent.
The appellant (hereinafter referred to as defendant) was convicted of the charge of breaking and entering a dwelling house. His direct appeal of that conviction resulted in an affirmance and he subsequently filed a Motion to Vacate Judgment and Sentence pursuant to Fla.R.Crim.P. 3.850. The trial court’s denial of said motion without hearing is the subject of this appeal.
Defendant alleges that the following colloquy occurred at his trial when the prosecution was examining a police officer:
“Q. Did you advise him of his constitutional rights?
A. Yes, sir. I did.
Q. Did you ask him whether or not he understood these rights?
A. Yes, I did.
Q. Did he indicate to you whether or not he did or did not?
A. He indicated that he did understand.
Q. Okay, did you continue the questioning then and ask him some questions?
A. I asked him where he was and everything and he indicated he did not wish to talk so no further questioning was conducted.”
There is no doubt that such a colloquy under Florida law is impermissible and of such magnitude that it constitutes reversible error for which the doctrine of harmless error is not applicable. Bennett v. State, 316 So.2d 41 (Fla.1975); Shannon v. State, 335 So.2d 5 (Fla.1976). The sole question remaining for our determination is whether or not the defendant should have been allowed to collaterally attack this error through a Motion for Post Conviction Relief in the absence of an objection at trial. If not, the trial court was correct in denying his motion without a hearing. If such error may be so attacked, the trial court should have conducted an evidentiary hearing to determine the validity of the alleged facts and enter an appropriate ruling thereon.
Our decision is controlled by our previous opinions in Bostic v. State, 332 So.2d 349 (Fla. 4th DCA 1976); Carter v. State, 335 So.2d 875 (Fla. 4th DCA 1976); Collins v. State, 340 So.2d 516 (Fla. 4th DCA 1976); Sylvester v. State, 341 So.2d 203 (Fla. 4th DCA 1977); Royal v. State, 347 So.2d 742 (Fla. 4th DCA 1977). A fundamental error of constitutional dimension may be collaterally attacked.
Accordingly, this cause is reversed and remanded for an evidentiary hearing in accordance with this opinion.
REVERSED AND REMANDED.
DOWNEY and DAUKSCH, JJ., concur.