356 So.2d 56 (1978)
Ernest WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 77-7.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Richard L. Jorandby, Public Defender, and Frank B. Kessler, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
*57 MOORE, Judge.
Appellant seeks reversal of his conviction for burglary of a dwelling and the resulting fifteen year sentence of imprisonment. At trial the appellant testified on his own behalf and was the only defense witness. During direct examination defense counsel attempted to inquire as to appellant's whereabouts on the night in question to lay the foundation for an alibi defense, but was prevented from doing so by the prosecutor's objection grounded on appellant's failure to reply to the State's pretrial demand for notice of intention to claim alibi. The judge agreed with the State's position and excluded appellant's testimony regarding his own activities on the night of the incident. Appellant, being only permitted to baldly deny his involvement, later swore on direct examination that he did not commit the alleged crime.
It is clear that the trial judge erred by excluding appellant's own testimony concerning his activities on the night of the burglary. Fla.R.Crim.P. 3.200, which requires the filing and serving of defendant's notice of intention to claim alibi upon demand by the State, provides that if the defendant fails to file and serve a copy of such notice the court may exclude evidence offered by the defense for the purpose of providing an alibi, except the testimony of the defendant himself. Thus, such notice is not required in any event if the defendant intends to be the sole witness in regard to the alibi. State ex rel. Mitchell v. Walker, 294 So.2d 124 (Fla. 2d DCA 1974).
Conceding the lower court's error, the State argues it was harmless. We disagree. Appellant's only defense was that he did not commit the burglary that occurred on the night in question. The erroneously excluded alibi testimony went to the very heart of appellant's defense and the net effect of this error was to deprive appellant of the right to be heard in his own defense. The fact that appellant could not testify as to his whereabouts on the night in question could well have raised speculation in the minds of the jury as to his veracity in denying his guilt (if he wasn't there, then where was he?) and, thus, could easily have contributed to his conviction. Cf. Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Bennett v. State, 316 So.2d 41 (Fla. 1975).
We also note appellant's constitutional challenge to the exclusion of his alibi testimony and the contrary positions taken by the Tenth Circuit Court of Appeals in Rider v. Crouse, 357 F.2d 317 (10th Cir.1966) and, in an analogous situation, the Fifth Circuit in Hall v. Eastern Air Lines, Inc., 511 F.2d 663 (5th Cir.1975).[1] If the lower court's error was also a constitutional violation, the burden of demonstrating the resulting prejudice (or lack thereof) would be shifted from the appellant to the State. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[2] In this regard, although the State presented a reasonably strong circumstantial web of evidence against the appellant in addition to the testimony of one eye-witness, still the evidence was not so overwhelming that any possible constitutional error should be considered harmless. Cf. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). However, inasmuch as the exclusion of appellant's alibi testimony was erroneous under Fla.R.Crim.P. 3.200 and clearly resulted in prejudice to appellant, we reverse without reaching the constitutional issue presented.
*58 The judgment and sentence is reversed and the cause remanded for a new trial consistent with this opinion.
REVERSED and REMANDED.
CROSS and LETTS, JJ., concur.
NOTES
[1] The United States Supreme Court has not yet had occasion to rule on the constitutional validity of sanctions imposed for failure to comply with notice of alibi rules. See Williams v. Florida, 399 U.S. 78, 83, n. 14, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).
[2] Although Florida's harmless error statute, Fla. Stat. § 924.33 (1975), provides that an appellate court shall not presume that error injuriously affected the substantial rights of the appellant, when the error reaches constitutional magnitude it must be judged by federal standards and the holding in Chapman, supra, which places the burden on the State to prove beyond a reasonable doubt that constitutional error was not harmful, must prevail over the Florida statute.