407 So.2d 907 (1981)
Alvin Bernard FORD, Petitioner/Appellant,
v.
STATE of Florida, Respondent/Appellee.
Nos. 61440, 61450.
Supreme Court of Florida.
December 4, 1981.
Laurin A. Wollan, Jr., Tallahassee and Raymond W. Russell, Fort Lauderdale, for petitioner/appellant.
*908 Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent/appellee.
PER CURIAM.
We have for consideration an appeal from an order of the circuit court denying a motion for post-conviction relief, an original petition for writ of habeas corpus, and an application for stay of execution.
Petitioner Ford was convicted of murder in the first degree. A separate sentencing proceeding was held before the trial jury, which recommended that petitioner be sentenced to death. The trial judge, in accordance with the jury's recommendation, sentenced him to death. The judgment and sentence were affirmed by this Court. Ford v. State, 374 So.2d 496 (Fla. 1979).
The Supreme Court of the United States denied a petition for writ of certiorari. Ford v. Florida, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980).
Petitioner has also challenged his conviction by filing a habeas corpus proceeding in this Court, in which he joined 122 other persons under sentence of death, challenging this Court's purported review of extra record material in capital appeals. Relief was denied in Brown v. Wainwright, 392 So.2d 1327 (Fla. 1981), cert. denied, ___ U.S. ___, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981).
Petitioner further challenged his conviction and sentence in a motion for post-conviction relief filed in the circuit court. Petitioner has appealed from the order denying this motion for post-conviction relief. The state has filed a motion to quash this appeal and a motion to affirm the trial judge.
Petitioner has also filed with this Court a petition for writ of habeas corpus arguing that counsel for him failed to present to this Court meritorious issues relating directly to the validity of the conviction and sentence in this case and thereby deprived him of a meaningful direct appeal in contravention of the sixth, eighth, and fourteenth amendments to the Constitution of the United States. He asks that we grant him a belated appellate review from the judgment and death sentence of the trial court.
Rule 3.850, Florida Rules of Criminal Procedure, authorizes the use of post-conviction relief procedures to challenge a once final judgment and sentence in limited instances, and for limited reasons. An error that may justify reversal on direct appeal will not necessarily support a collateral attack on the final judgment. Witt v. State, 387 So.2d 922 (Fla. 1980), citing U.S. v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).
Finality is an important element of the criminal justice system. This doctrine of finality should be abridged only when a more compelling objective appears, such as insuring fairness and uniformity in individual adjudication. Witt v. State.
Petitioner's motion to vacate filed with the trial court alleged five grounds for relief. Only one of these  the claim of ineffective assistance of trial counsel  was properly raised. The other four issues pertaining to the admissibility of the confession, jury selection under Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), jury instructions during the sentencing phase, and the standard of proof used in the sentencing phase, were all matters known at the conclusion of the trial which could have been, but were not, raised on direct appeal. Accordingly, collateral attack through a Florida Rules of Criminal Procedure 3.850 motion was properly determined by the trial court not to be an appropriate remedy pursuant to this Court's decisions in Witt v. State and Hargrave v. State, 396 So.2d 1127 (Fla. 1981). See also Wainwright v. Sikes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
The standard by which the effectiveness of counsel is to be measured is whether counsel was reasonably likely to render and rendered reasonably effective assistance. Meeks v. State, 382 So.2d 673 (Fla. 1980). In Knight v. State, 394 So.2d 997 (Fla. 1981), this Court set out a four-pronged test for determining whether there was reasonably effective assistance:

*909 1. The specific act or omission upon which the claim is based must be detailed in the appropriate pleading.
2. The defendant has the burden to show it was a substantial and serious deficiency measurably below that of competent counsel.
3. The defendant has the burden to show that under the circumstances of his case, he was prejudiced to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings.
4. If the defendant shows this, the state may rebut by showing beyond a reasonable doubt that there was no prejudice in fact even if a constitutional violation was involved.
In his 3.850 motion to vacate petitioner presented four categories of "specific omissions" to support the claim of ineffectiveness of trial counsel: (i) failure to adequately present the motion to suppress petitioner's statement made to law enforcement officers after he indicated he wanted to consult an attorney, (ii) failure to adequately prepare for trial, (iii) failure to adequately present issues during the guilt phase of the trial, and (iv) failure to adequately present or preserve issues during the sentencing phase of the trial. After a careful review of the record of proceedings on the motion to vacate, particularly the testimony of the lawyer witnesses called by petitioner, we conclude that either the alleged deficiencies have not been demonstrated to be substantial and serious, measurably below conduct expected of competent counsel or that petitioner was not prejudiced to the extent that there is a likelihood that the deficient conduct affected the outcome of petitioner's trial. For example, insofar as the petitioner's statement is concerned, it is far from clear that the statement was inadmissible under the state of the law existing at the time of trial. Witt v. State, Meeks v. State. Furthermore, petitioner's statement only admitted his presence and participation in the robbery. It denied participation in the shooting. There was abundant evidence apart from the confession, some by eye witnesses, to place him at the scene as a participant. Even disregarding petitioner's confession there was overwhelming evidence of guilt. To establish prejudice, there must be a serious doubt of the defendant's guilt. Canary v. Bland, 583 F.2d 887, 894 (6th Cir.1978). To the same extent the purported deficiencies at the sentencing phase can be readily attributed to tactics of counsel under the circumstances of the case. In any event, the overwhelming nature of the aggravating circumstances precludes any likelihood that counsel's alleged omissions could have been prejudicial to petitioner.
Accordingly, applying the standard of Meeks and Knight we agree with the finding of the trial court that "the assistance of his counsel was ... as effective as it could have been expected to be done under these circumstances."
Petitioner raises the following grounds in asserting ineffective appellate counsel in his petition for writ of habeas corpus: (i) failure to raise the issue of denial of assistance of counsel during interrogation, (ii) failure to raise denial of petitioner's right to a fair and impartial jury under Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), (iii) failure to attack the adequacy of the trial court's instruction to the jury at the sentencing phase, (iv) failure to challenge findings of aggravating and mitigating circumstances, and (v) failure to appeal non-disclosure of a witness. Applying the four-pronged test of Knight v. State to each of these claims, we find that petitioner has failed to meet his burden of showing a substantial and serious deficiency, measurably below that of competent counsel. Even if we assumed this aspect of the Knight test were met, there is not a sufficient showing that any of these grounds would likely have affected the outcome of the appeal.
The order of the trial court denying the motion to vacate is affirmed, the petition for writ of habeas corpus is denied, and the application for stay of execution is denied. No petition for rehearing will be entertained.
*910 SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.