BOOTH, Judge,
dissenting:
I respectfully dissent.
The trial court’s summary denial of motion for post-conviction relief should be affirmed under Knight v. State, 394 So.2d 997 (Fla.1981); Meeks v. State, 382 So.2d 673 (Fla.1980); and Ford v. State, 407 So.2d 907 (Fla.1981).
In the Knight case, supra, the Florida Supreme Court stated the burden on one seeking post-conviction relief based on ineffective assistance of counsel and adopted a four-step process to determine whether “a true miscarriage of justice” had occurred, holding (394 So.2d at 1000-01):
[W]e believe the following four-step process ... provides a means to discover a true miscarriage of justice ....
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel ....
*787 Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error. This requirement that a defendant has the burden to show prejudice is the rule in the majority of other jurisdictions.
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact.
Applying the foregoing test in a first degree murder case involving capital punishment, the Florida Supreme Court found that the deficiencies were not errors affecting the outcome and that there was no prima facie showing of prejudice. The Knight case involved ineffective assistance of appellate counsel. The same test was applied in Ford v. State to determine whether trial counsel had afforded reasonably effective assistance, and the court held that (407 So.2d at 909):
To establish prejudice, there must be serious doubt of the defendant’s guilt. Canary v. Bland, 583 F.2d 887, 894 (6th Cir.1978).
In the Knight and Ford cases, supra, there was an evidentiary hearing; whereas, in the instant case, the trial court denied the motion without a hearing. The standard set forth in the Knight case applies, however, in both situations, as held by the Florida Supreme Court in Washington v. State, 397 So.2d 285, 286 (Fla.1981):[1]
Appellant contends that he has made a sufficient showing under rule 3.850 to deserve an evidentiary hearing and that the trial court erred in applying the principles of Knight v. State, 394 So.2d 997 (Fla.1981), to deny his application absent an evidentiary hearing. We disagree. The standards of Knight do apply when assessing the sufficiency of a 3.850 motion predicated upon ineffective counsel, when determining whether the claim warrants an evidentiary hearing. Although we recognize that under both the terms of rule 3.850 and Meeks v. State, 382 So.2d 673 (Fla.1980), the evidentiary hearing can only be denied if it is conclusively shown that appellant’s motion lacks merit, we conclude that when the first three criteria of Knight for establishing ineffective counsel are placed alongside of appellant’s claims, those claims are shown conclusively to be without merit so as to obviate the need for an evidentiary hearing.
In the instant case, petitioner’s contentions are that counsel filed “ostentatious and frivolous” motions for discovery and for a continuance rather than filing a motion for speedy trial and discharge; that counsel failed to consult with petitioner concerning his case; that counsel failed to establish or pursue petitioner’s defense of consent of the victim of the assault; that counsel waived petitioner’s right to a speedy trial in connection with his motions for discovery and continuance and erred in refusing to allow petitioner to take the stand and testify in his own behalf. On the face of the motion, these contentions are contradictory[2] and fail to establish the prima facie showing under the four-step test of Knight v. State. The trial court was correct in its summary determination, and I would affirm.

. Accord, Foster v. State, 400 So.2d 1 (Fla.1981), wherein the Florida Supreme Court affirmed summary denial of 3.850 motion claiming ineffective assistance of counsel and applying the Knight standard in evaluating the legal sufficiency of allegations and record.

. Petitioner accuses his counsel of failing to adequately prepare and “pursue” his defense; but, on the other hand, complains that counsel sought a continuance and discovery.