DANAHY, Judge.
Appellant appeals from an order denying his request pursuant to Florida Rule of Criminal Procedure 3.850 for postconviction relief from his judgment and sentence for the crime of involuntary sexual battery. We affirm.
On his plenary appeal, appellant asserted that he was denied his constitutional right to a fair trial because the trial judge allowed the victim to remain in the jury’s presence during rereading of her testimony while the trial judge absented himself temporarily. This court rejected that argument. Triola v. State, 443 So.2d 990 (Fla. 2d DCA 1983). On this appeal, appellant’s first issue focuses on that same event and again argues that he was denied a fair trial, but propounds a different theory — not that the witness was present during the re-reading of the testimony, but that the trial judge was absent. Appellant is precluded from making this argument now. This is so because he could have and should have raised it on his plenary appeal. Johnson v. Wainwright, 463 So.2d 207 (Fla.1985), and cases cited therein; Jones v. *1313 State, 446 So.2d 1059 (Fla.1984); McCrae v. State, 437 So.2d 1388 (Fla.1983), and cases cited therein; Hitchcock v. State, 432 So.2d 42 (Fla.1983), and cases cited therein; Armstrong v. State, 429 So.2d 287 (Fla.1983), and cases cited therein; Palmes v. State, 425 So.2d 4 (Fla.1983); Alvord v. State, 396 So.2d 184 (Fla.1981); Ashley v. State, 350 So.2d 839 (Fla. 1st DCA 1977). Even though the basis of appellant’s collateral attack is alleged to be one of constitutional magnitude, we find that he has waived that argument by his failure to assert it on his plenary appeal. Armstrong; Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976), affirmed, 363 So.2d 331 (Fla.1978); Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983); Kilpatrick v. State, 422 So.2d 934 (Fla. 1st DCA 1982); Roth v. State, 385 So.2d 114 (Fla. 3d DCA 1980).
In his second issue appellant alleges ineffective assistance of both trial and appellate counsels. Appellant’s claim of ineffective assistance of trial counsel is insufficient and does not meet the criteria set forth under Knight v. State, 394 So.2d 997 (Fla.1981), and Strickland v. Washington, — U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Downs v. State, 453 So.2d 1102 (Fla.1984); Jackson v. State, 452 So.2d 533 (Fla.1984); Armstrong. Moreover, any collateral attack alleging ineffective assistance of appellate counsel must be by way of a petition for writ of habeas corpus. Knight; White v. State, 456 So.2d 1302 (Fla. 2d DCA 1984).
AFFIRMED.
GRIMES, A.C.J., and SCHEB, J., concur.