## STATE OF FLORIDA v SELINKA

### Case No. 81-4240CF10

Seventeenth Judicial Circuit, Broward County

August 27, 1985

### APPEARANCES OF COUNSEL

**Stuart L. Stein** for defendant.

**Paul H. Zacks,** State Attorney's Office, for plaintiff.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

### *STATEMENT OF FACTS*

Defendant by Information was charged in six Counts as follows:

1. Armed Burglary of a Structure
2. Armed Robbery
3. Kidnapping
4. Burglary with Assault

5. Shooting into an Occupied Building

6. Aggravated Assault (the first trial having resulted in a hung jury)

Following a second trial on the merits of the case, a jury returned a verdict as follows:

1. Burglary of an Occupied Structure, a lesser included offense

2. Strong Arm Robbery, a lesser included offense

3. False Imprisonment, a lesser included offense

4. Trespass of a Conveyance, a lesser included offense

5. Not Guilty

6. Not Guilty

A direct appeal taken to the Fourth District Court of Appeals resulted in an affirmance of the verdict on September 21, 1983. Trial counsel, Robert T. Adams also served as the Defendant's counsel on appeal.

The instant Motion for Post Conviction Relief filed pursuant to R. 3.850 of the F.R.C.P. was submitted on January 15, 1985. The Defendant herein contends that his trial counsel who had requested an alibi instruction to the jury, which the trial judge, the Honorable Mark Purdy, conceded was appropriate under the circumstances of the case, erred and thereby rendered the Defendant ineffective assistance of counsel, by failing to interpose an objection when the Court inadvertently omitted to instruct the jury on the alibi defense. Both parties stipulated that on direct appeal, Mr. Adams who also served as the Defendant's appellate counsel omitted to raise this issue as a point for consideration by the Fourth District Court of Appeal.

The State argues that the error of the trial court in failing to communicate the alibi instruction to the jury is not a subject matter that should be addressed in a Motion for Post Conviction Relief, but rather is an issue that could have been raised on direct appeal. Defense counsel contends that the error in question is so fundamental that it can be raised at any time and that the Defendant should not be precluded from having it considered under the guise of Rule 3.850 even though it would have been appropriately considered on direct appeal.

The State concedes that trial counsel's failure to object to the trial court's omission of the alibi instruction is proper for consideration in the context of a Rule 3.850 Motion. Nevertheless the State argues that in view of the high quality of the overall representation afforded by Defendant by Mr. Adams and the result he obtained (i.e., lesser included offense verdicts on Counts 1-4 and not guilty verdicts on Counts 5 and 6), his single failure to object to the lack of reading of

the alibi instruction does not render his legal representation ineffective. Furthermore the State submits that the likelihood that the results of the Trial would have been different had the alibi instruction been given was highly improbable since the verdicts reflect the jury's complete rejection of the Defendant's testimony that he was a mere passerby and not present at the scene of the crime. In sum the State argues the reading of the alibi instructions would not have affected the jury's decision.

An evidentary hearing on Defendant's Motion for Post Conviction Relief was held on two separate occasions.

## OPINION

### A. Trial Court Error

The Court is confronted with two basic issues. The initial question to be resolved is whether the omission by Judge Purdy to deliver to the jury the alibi instruction after he was requested and agreed to do so can be addressed in the context of a Motion for Post Conviction Relief. Normally matters which could have been or are reviewed on direct appeal cannot be considered in Post Conviction Relief Proceedings, *Ford v. State*, 407 So.2d 907 (Fla. 1981). Failure to raise issues which could have been addressed at trial or on direct appeal generally result in a waiver of those matters for consideration in a Rule 3.850 Motion, *Raulerson v. State*, 420 So.2d 567 (Fla. 1982). In the instant case Mr. Adams failed to raise the trial court's error either before the trial court or on direct appeal. Defendant contends nevertheless, that a fundamental error of constitutional dimension *may* be collaterally attacked under Rule 3.850, *Dozier v. State*, 361 So.2d 727 (Fla. 4th DCA 1978). The State on the other hand takes the position that the trial court's error is not of a fundamental magnitude and therefore could only have been addressed on direct appeal. A number of cases have been submitted by the State in support of its contention that allegations of improper and incomplete charges to the jury are not proper grounds for post conviction relief. *Devlin v. State*, 192 So.2d 786 (Fla. 2d DCA 1966); *Lawson v. State*, 215 So.2d 692 (Fla. 2d DCA 1969); *Moses v. State*, 242 So.2d 145 (Fla. 2d DCA 1970); *Glenn v. State*, 271 So.2d 23 (Fla. 2d DCA 1972); *Merrill v. State*, 364 So.2d 42 (Fla. 1st DCA 1978); *Brill v. State*, 350 So.2d 1141 (Fla. 1st DCA 1977); *Raulerson v. State*, 420 So.2d 567 (Fla. 1982); *Smith v. State*, 445 So.2d 323 (Fla. 1983).

The *Dozier* decision held that a trial colloquy between the prosecutor and a police officer that elicited an improper comment upon Defendant's right to remain silent did not constitute harmless error but was so fundamental that it could be raised in a Rule 3.850 context. In

*Vogel v. State*, 365 So.2d 1079 (Fla. 1st DCA 1979) *fundamental error* was defined as an error which goes to the foundation of the case or goes to the merits of the cause of action. *Vogel* however, cited by the Defendant, was decided in the context of whether an alleged unpreserved error pertaining to a jury charge in the trial court can be entertained on direct appeal. The issue of whether such fundamental error if unpreserved both before the trial court and the appeals court handling a direct appeal could be raised in a Rule 3.850 motion was not discussed.

Likewise *Carter v. State*, 10 F.L.W. 1305 (Fla. 2d DCA, May 22, 1985), referred to by the Defendant discusses fundamental error regarding jury instructions in the context of a direct appeal and is thus equally distinguishable. Similarly *Reynolds v. State*, 429 So.2d 1331 (Fla. 5th DCA 1983), holding that a sentencing error is so fundamental that a Defendant is entitled to relief on direct appeal, by post conviction relief or by extraordinary remedy, although significant, is not relevant for this decision. In *Hudson v. State*, 381 So.2d 344 (Fla.3rd DCA 1980), relied upon by Defendant, the appellate court on direct appeal was faced with the question as to whether the trial court erred when it refused to instruct the jury on the defense of alibi after requested to do so, because the Defendant's testimony was not corroborated. Although the Third District correctly held that an alibi instruction should be given where there is sufficient evidence to take the issue to the jury, the decision is not dispositive of whether when an alibi charge is requested, agreed to be given by the trial judge, but inadvertantly omitted from the jury instructions, such an error can be considered in a motion for post conviction relief when not raised before the trial court or on direct appeal.

Research by this Court reveals that *Nova v. State*, 439 So.2d 255 (Fla. 3rd DCA 1983), sheds considerable light on the issue presented for resolution.[1] The question posed in *Nova* was whether the defense counsel's waiver of a 12 person jury was invalid and thus constituted a fundamental error. The *Nova* panel in a lengthy yet noteworthy and pertinent decision held that not all errors at trial of a constitutional nature can be deemed of a fundamental magnitude to support and allow a subsequent collateral attack where there is a failure to preserve at the trial level or raise on direct appeal the purporated violation of a constitutional right. In defining a "fundamental error" in this context, *Nova* held it is one which ". . . reaches down to the legality of the

---

[1] The *Nova* panel notably held that *Dozier* incorrectly characterized as a *fundamental error* a comment on a defendant's right to remain silent.

trial itself . . . ." (and) involves a violation of a Defendant's rights which will always be harmful and it is very difficult for a Court to determine when it is not . . . (and) in short, one that goes to the essence of a fair and impartial trial.

The conclusion that must be drawn from *Nova* is that a strict construction must be applied in characterizing errors in the trial court. Not every legal mistake can be perceived to be of a constitutional magnitude and not every violation of a constitutional right merits characterization as a fundamental error. The rationale and logic underlying this position is that to hold otherwise would undermine the finality of litigation and open the floodgates for endless post conviction relief motions.

Thus although the Defendant in this case was evidentially speaking entitled to the alibi instruction requested by his counsel yet inadvertently omitted by the trial court, the error which this Court deems to be of a constitutional nature was not so harmful that it merits "fundamental" classification. *White v. State*, 356 So.2d 56 (Fla. 4th DCA 1978). The omission of the alibi instruction was not so pertinent or material to what the jury must consider in order to convict. A review of the lengthy transcript of the trial indicates that even without the alibi instruction the jury had the opportunity to decide after listening to the Defendant's testimony whether he was present at the scene of the crime *and* whether he was the individual who committed the alleged crimes charged. In this Court's opinion there is no substantial likelihood that the jury's verdict would have been different had the panel been furnished this alibi instruction in view of the overwhelming weight of the State's evidence, *Triola v. State*, 464 So.2d 1312 (Fla. 2d DCA 1985).

In conclusion even though Defendant may have correctly characterized the basis of his collateral attack to have constitutional overtones, he has waived that argument by his failure to assert the error on his plenary appeal.

## B. Ineffective Assistance of Counsel

At the evidentary hearing on Defendant's instant motion, trial and appellant counsel Mr. Robert Adams, a criminal defense attorney well known in this community and whom Defendant's counsel alluded to in his present motion "as one of the finest litigators at the criminal bar today" testified that the omission of the alibi instruction did not have a substantial or reasonable effect on the outcome of this trial. In Mr. Adams' opinion the court's instruction on reasonable doubt, coupled with his final argument directing the jury's attention to the Defendant's

alibi sufficiently covered the issue and squarely addressed for the jury's determination whether the Defendant was present at the time the crimes occurred.

*Anderson v. State*, 467 So.2d 781 (Fla. 3rd DCA 1985) indicates that in scrutinizing an attorney's performance at trial in a Rule 3.850 posture, due deferential must be given to his conduct, and furthermore provides that a reviewing court must indulge in the presumption that an attorney's performance falls within the wide range of reasonable professional assistance. As was stated in *Meeks v. State*, 382 So.2d 673 (Fla. 1980) the test is whether a defendant did receive reasonably effective counsel based on the totality of the circumstances. Thus a defendant who is not afforded errorless counsel does not necessarily have ineffective legal assistance.

Furthermore under *State v. Busherie*, 468 So.2d 229 (Fla. 1985) even if a defendant demonstrates his attorney's performance was substantially deficient, he cannot prevail on a claim of ineffectiveness, if he fails to affirmatively prove prejudice to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. See also *Knight v. State*, 394 So.2d 997 (Fla. 1981).

A careful reading of the trial transcript indicates there was overwhelming evidence of Defendant's guilt. In *Ford v. State*, 407 So.2d 907 (Fla. 1981) it was observed that to establish prejudice, there must be a serious doubt of the Defendant's guilt. Such a doubt cannot be said to exist in this Court's opinion in the instant case in view of the testimony and evidence adduced at the trial. In conclusion this Court is unable to agree with Defendant's counsel that Mr. Adams' singular omission to press the trial judge to read the alibi instruction he overlooked meets the test of prejudice to the extent that but for his error the result of the trial would have been different. *State v. Stirrup*, 469 So.2d 845 (Fla. 3rd DCA 1985). The nature and quality of Mr. Adams' representation viewed from the "totality" vantage point does not merit characterizing his representation as ineffective at the trial level.

This Court has not addressed the effectiveness or lack thereof of Mr. Adams' representation of direct appeal insofar as his failure to raise at that level the trial court's omission of the alibi instruction. That issue must be directed to the court of appeals in the form of a petition for writ of habeas corpus for that esteemed panel's resolution.

MOTION FOR POST CONVICTION RELIEF DENIED.