303 So.2d 321 (1974)
Peter Bryan WALKER, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 46029.
Supreme Court of Florida.
November 13, 1974.
Peter Bryan Walker, in pro per.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on a writ of habeas corpus and return thereto. We have jurisdiction pursuant to Article V, Section 3(b)(6), Florida Constitution.
Petitioner is a prisoner at Raiford where he is serving a ten year sentence for breaking and entering, which sentence terminates effective June 23, 1976. While it is this sentence with which we are primarily concerned, Petitioner has the following additional sentences with which to contend: two one-year consecutive sentences, each imposed for escaping from custody; a one-year consecutive sentence for robbery; a fifteen-year concurrent sentence for escape; and an overall life sentence consisting of the following thirteen commitments: five for life, three for fifteen years, and five for five years, all to run concurrently. We note that this Court has held that a writ of habeas corpus may issue even though the Petitioner is not entitled to immediate relief from confinement.[1]
Petitioner, in his petition, bases his claim for relief on the following grounds: (1) that the ten-year sentence imposed for breaking and entering was enhanced because of consideration given to prior invalid convictions contrary to the principle of United States v. Tucker;[2] and (2) that his *322 plea of guilty to the charge of breaking and entering to commit a felony was coerced.
In his return, Respondent points out that Petitioner filed his motion to vacate in the Escambia County Circuit Court, which denied that motion on April 10, 1974; on the 29th day thereafter, (i.e., May 9, 1974), Petitioner submitted to prison officials his notice of appeal and other appeal papers, which documents were not filed until May 13, 1974, thirty-three days after the denial order. The District Court of Appeal, First District, dismissed Petitioner's appeal on the ground that it was untimely filed. In his return, Respondent takes the position that this cause is improperly before the Court, Petitioner having failed to exhaust the relief available to him under Rule 3.850, Rules of Criminal Procedure, because of his negligent failure to have his notice of appeal filed within the thirty-day jurisdictional time period.[3]
While this Court has held that habeas corpus lies where direct appeal of a conviction is frustrated by state action,[4] Petitioner in no way alleges that the delay in the filing of his notice was occasioned by the requirements of prison rules or the neglect or oversight of a prison official. To the contrary, Petitioner simply alleges "these instruments, through some delay in the mail (or delay in the Clerk's office) were not filed until the 13th day of May, 1974". Furthermore, this case is factually identical to Tucker v. Wainwright[5] in which the notice of appeal was dated on the 29th day from the rendition of the order, the notice of appeal was received and filed by the Clerk of the lower court on the thirty-third day after rendition of the order, and there was no allegation that any action by the State prevented the timely filing of the notice of appeal; habeas corpus was held inappropriate in that case.
For the foregoing reasons, the writ of habeas corpus is discharged and the petition is dismissed.
It is so ordered.
ADKINS, C.J., and McCAIN, DEKLE and OVERTON, JJ., concur.
NOTES
[1] Frizzell v. State, 238 So.2d 67 (Fla. 1970).
[2] 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
[3] Mitchell v. Wainwright, 155 So.2d 868 (Fla. 1963).
[4] State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla. 1964).
[5] 235 So.2d 38 (Fla.App. 1970).