PER CURIAM.
Paul Clifford appeals from the summary denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse.
Clifford, who entered a plea to first degree murder for a life sentence, claims he received ineffective assistance from his attorney. Specifically, he alleges that coun *773 sel did not inform him that he would be required to serve twenty-five years before becoming eligible for parole,[1] but instead promised he could be released after serving no more than ten years. If this allegation is true, and Clifford was not otherwise apprised of the mandatory minimum sentence prior to the acceptance of his plea, Clifford might be entitled to withdraw the plea. See, e.g., McLendon v. State, 502 So.2d 101 (Fla. 2d DCA 1987); Perez v. State, 449 So.2d 407 (Fla. 2d DCA 1984).
Although a review of the plea colloquy might very well have resolved this motion, the circuit court did not attach to its order any evidence from the record refuting Clifford’s claim. Instead, the court found that Clifford’s conviction had become final more than two years before the 3.850 motion was filed, and denied the motion on that ground. Wilkinson v. State, 504 So.2d 29 (Fla. 2d DCA Í987). In a motion for rehearing Clifford attributed the tardiness to prison officials and claimed that as a result his right of review was frustrated by state action.[2] Cf. Baggett v. Wainwright, 229 So.2d 239 (Fla.1970). The trial court denied the motion for rehearing without explicitly stating its reasons for doing so.
The Baggett principle has been applied to appeals from orders disposing of 3.850 motions. State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla.1975); O’Malley v. Wainwright, 237 So.2d 813 (Fla. 2d DCA 1970). It has not heretofore been applied to the filing of a 3.850 motion itself, but until recently that rule did not contemplate any sort of time limitations except the expiration of the sentence under attack or the possible application of laches. Simmons v. State, 485 So.2d 475 (Fla. 2d DCA 1986). There is no rational basis for granting belated appellate review of a 3.850 motion whenever state action has interfered with the timely filing of that appeal, and not extending the same protection to the 3.850 proceeding itself.
We turn, therefore, to the merits of Clifford’s argument that his right of review was frustrated by state action. He alleges that he had his documents notarized and that he withdrew the necessary funds for postage from his inmate account on May 19, 1987 “with the understanding that all documents would be mailed on this date.” Rule 33-3.005(8), Florida Administrative Code, requires that prisons furnish inmates with notaries public whenever the services of a notary are necessary for the preparation of legal documents,[3] and that such documents are to be notarized and mailed “immediately.” As of May 19 Clifford would have had three weekdays within which to file (not mail) the motion. It is his opinion that there still was, at this juncture, “ample time” for the trial court to receive the pleadings. However, as a prison inmate he “loses all control of ... notarized documents” from this point onward “due to this institution’s policy of keeping those documents.” Clifford does not elaborate upon this alleged institutional policy, nor does he state whether he was aware of the policy before his attempt to file the motion presently under consideration. It is not apparent from the record before us when Clifford’s documents were postmarked, but they were received May 26, 1987, or seven days after Clifford claims to have relinquished them.
Prison personnel may fall within the class of state agents whose interference with the timely processing of an appeal cannot foreclose the defendant from having his conviction reviewed. Walker v. Wainwright, 303 So.2d 321 (Fla.1974); Dennis v. State, 231 So.2d 230 (Fla. 2d DCA 1970). However, a defendant wishing to hinge a claim for belated review of his conviction upon the prison staff ought to be required to demonstrate not only that his rights would not have been thwarted but for the *774 actions of prison officials, but also that these officials’ actions were undertaken in an unreasonable manner. For example, it is difficult to blame the jailer if the inmate hands him a notice of appeal with one day to spare; it is easier to excuse the inmate when urgent paperwork is allowed to sit for two weeks on someone’s desk. It is also necessary to draw a line between where the responsibilities of the Department of Corrections end and those of the post office begin. Prisoners seeking belated appellate review who have alleged only that they intended to file their notice of appeal in a timely manner but somehow were thwarted by the ordinary delays inherent in the mails have been precluded from relief under Baggett. Walker; Tucker v. Wainwright, 235 So.2d 38 (Fla. 2d DCA 1970). A reasonable amount of time for mail to travel from a prison notary to the clerk of the trial court is,'unfortunately, not susceptible to ready calculation.
All previous cases interpreting Baggett have dealt with the relatively short thirty-day period for filing a notice of appeal, whereas Clifford had two years within which to prepare and submit his 3.850 motion. His decision to wait until the eleventh hour to file his 3.850 motion does not entitle him to much sympathy. By waiting he runs the risk that some unavoidable circumstance will intervene to divest the court of jurisdiction to hear his petition. Nevertheless we must conclude that Clifford has made at least a prima facie showing that the motion could have been filed in time had it been mailed immediately. We stress that we do not pass upon the truthfulness of Clifford’s allegations. After remand, if the state chooses to contest Clifford’s claim that he is entitled to belated treatment of his 3.850 motion, the trial court should conduct a hearing on this question.
If the state concedes the issue of timeliness the court should determine whether the files and records conclusively demonstrate that Clifford is not entitled to relief and, if. so, may again deny the motion, attaching the appropriate documentation. Otherwise, Clifford is entitled to an eviden-tiary hearing on his motion. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
RYDER, A.C.J., and LEHAN and THREADGILL, JJ., concur.

. § 775.082(1), Fla.Stat. (1985).

. Clifford does not suggest that his particular complaint falls under either of the exceptions to the two-year limit authorized by rule-3.850 itself: newly discovered evidence and newly defined constitutional rights which have been held to apply retroactively.

.Motions for postconviction relief must be under oath. Fla.R.Crim.P. 3.850.