ON MOTION TO DISMISS
PER CURIAM.
The following facts are undisputed. The order resentencing the appellant was rendered October 31, 1988; the notice of appeal was signed and mailed November 30, 1988; the notice of appeal was received by the clerk of the lower tribunal and stamped filed December 1, 1988.
Upon a suggestion that the appellant’s notice of appeal was untimely filed, the appellant responds that it was timely filed because it was mailed within the prescribed 30-day period after rendition in the trial court although it did not arrive within the 30-day period. The appellant cites to Florida Rule of Appellate Procedure 9.420(d) which provides that “[w]henever a party or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five days shall be added to the prescribed period.” The appellant is not serving papers but endeavoring to vest this court with jurisdiction to hear this appeal which must be accomplished by the filing of the notice of appeal in the proper court within the 30-day period. Fla.R. App.P. 9.110(b). As has been so clearly held:
It is well settled that Rule 9.110(b), Fla.R.App.P., requires the notice of appeal to be filed, not mailed, within 30 days of rendition of the order to be re *482 viewed. See Franchi v. Florida Department of Commerce, etc., 375 So.2d 1154 (Fla. 4th DCA 1979). As ... the notice filed with the clerk of the [lower tribunal] ... was [not] filed within the requisite 30-day period, this court is without jurisdiction in this matter and the appeal is dismissed.
First Nat’l Bank v. Florida Unemployment Appeals Comm’n, 461 So.2d 208, 209 (Fla. 1st DCA 1984); cf. Walker v. Wainwright, 303 So.2d 321 (Fla.1974); Tucker v. Wainwright, 235 So.2d 38 (Fla. 2d DCA 1970). Accordingly, this appeal is also DISMISSED.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.