PER CURIAM.
On the court’s own motion we dismiss this appeal for failure to timely file the notice of appeal.
Appellant filed his notice of appeal on January 15, 1991. The notice stated that the order being appealed was rendered on December 12, 1990. Since appellant’s notice of appeal would have had to have been filed on January 11,1991 to have been timely, this court issued an order to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal.
Appellant who is incarcerated has responded and states that he timely requested from the prison law library copies of the notice of appeal and notary service. He states he did not receive the copies back until January 8 and notary service was not available until January 10. Appellant argues that under the circumstances appellant’s notice should be considered timely. We reject appellant’s argument.
In support of his argument appellant has attached copies of the inmate request forms which he used to request copying and notary service. On both forms appellant states that he has a deadline of January 10, 1991 and requests return of the notice to him by that date. The forms also reflect that the copies were returned to him *351 on January 8 and the document was notarized January 10.
We recognize that prisoners, unlike most litigants, cannot hand deliver the notice of appeal to the court for filing. Prisoners must mail their notice of appeal to the court. That results in the timely filing of the notice being subject to the vagaries of mail service. That fact has caused the federal courts to hold that the notice of appeal is considered filed when delivered to prison authorities for delivery to the court. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). However, that decision is based solely on federal rules of procedure and is not binding on state courts. The Florida Supreme Court has traditionally held that prisoners like all other litigants must file their notice of appeal with the proper tribunal in a timely manner. E.g., Walker v. Wainwright, 303 So.2d 321 (Fla.1974). We are not free to change that rule of law. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). Until the supreme court changes the law, a prisoner who hands the notice of appeal to prison authorities for mailing the day before it is due cannot blame prison authorities for the notice reaching the court late. See Clifford v. State, 513 So.2d 772, 774 (Fla. 2d DCA 1987). Prisoners must take into account their inability to hand deliver the notice of appeal and prepare and mail the notice sufficiently in advance of the due date to reach the proper tribunal in a timely manner.
Finally, we note that appellant’s complaint about the delay in notary services is also unavailing for another reason. There is simply no requirement that a notice of appeal be notarized. See Fla.R. App.P. 9.900(a). Appellant has made no claim the requirement of notarization was imposed by prison authorities.
Accordingly, this appeal is hereby dismissed.
SHIVERS, C.J., and ALLEN and WOLF, JJ., concur.